### BROOKS ROE DOLLINGER V. STATE.

No. 25404. October 24, 1951.

398

Hon. Jack Harrison, Judge Presiding.

*Kenneth W. Bing*, Velasco, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, a fine of $50.00.

Bill of Exception No. 1 complains that the state was permitted to cross examine appellant's wife as to whether she had been charged with a felony. It is appellant's contention that such question was improper because it was beyond the scope of her direct examination. With this contention we cannot agree.

"From the statute and the decisions of this court and the Supreme Court, there can be no question but that the rule is that when the husband who is on trial introduces his wife to testify in his behalf, and she does so, that she is subject to cross-examination and impeachment just like any other witness, save and except that new incriminating evidence cannot be brought out from her against the *accused*, nor can wholly immaterial matter be brought out for impeachment of her any more than it can be from any other witness." Roberts v. State, 74 Tex. Cr. R. 150, 168 S.W. 100.

It will be noted that the question concerning a former felony charge against the witness touched her credibility and was not "evidence against the accused."

Bill of Exception No. 2 complains of the overruling of appellant's motion for new trial based upon newly discovered evidence. The sworn statement mentioned in the bill relates to a matter entirely foreign to the only issue before the court, i.e., the state of intoxication of the defendant, he having admitted

that he was driving. Therefore, the trial court acted properly in overruling the motion.

Finding no error, the judgment of the trial court is affirmed.