JUAN YSASGA V. STATE

No. 27,722. October 26, 1955

158

*Boling & Cooke*, by *S. P. Boling*, Lubbock, for appellant, on appeal only.

*Leon Douglas*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Appellant was assessed a fine of $500 and three months' confinement in jail for selling to an inspector of the Texas Liquor Control Board a quart bottle of beer, in Lubbock County, a dry area within the meaning of the Texas Liquor Control Act.

According to the state's testimony, Inspectors Dibrell and Dunlap drove, about ten o'clock at night, to the rear of and within about five feet of the kitchen door of a residence situated at 1018 Third Street in the city of Lubbock and "honked the horn" of their car. There was a light in the kitchen. Appellant came outside and asked what they wanted. Upon being told that they wanted a quart of beer, he returned to the house and later came back and handed to Inspector Dibrell a quart bottle of beer, for which the inspector paid one dollar.

The inspectors drove away and did not attempt to arrest the seller of the beer at that time. It was not until some ten days or two weeks thereafter that appellant was placed under arrest.

It was shown that appellant, along with others, occupied the residence. It does not appear that he was exclusively in possession thereof.

Appellant did not testify as a witness. His defense was that of alibi, which he supported by the testimony of two disinterested witnesses, one of whom was a former policeman of the city of Lubbock.

This record shows that during the trial of the case the trial court, some nine or ten times, sustained appellant's objections to questions propounded by the state and instructed the jury on each occasion not to consider the questions for any purpose.

On one occasion, after having sustained appellant's objections, the trial court retired the jury and, out of their presence, said to state's counsel:

"I'm going to sustain that objection and I'm going to request the State not to make it necessary for me to declare a mistrial in this case, gone too far, been at it all day, and it is a highly improper question, inflammatory in the highest degree, and would certainly ordinarily be error on the part of the State, in my opinion; and I'm going to ask you to refrain from asking this witness or any other witness relative to any activities in the sense of an illegality or an illegal act on the part of the defendant."

The record further shows that, upon cross-examination of the alibi witness and former policeman and after appellant's objection to questions reflecting upon the character of the witness had been sustained by the trial court, the witness was asked, concerning the appellant:

"Are you telling the jury by your words there that this man is a good law-abiding citizen?"

Appellant had not placed his reputation in issue, nor had the witness testified to any fact by which it could be said that appellant's reputation had been placed in issue.

The trial court sustained appellant's objection to the question.

In this connection, a bill of exception reflects that in argument to the jury, state's counsel, among other things, indirectly referred to the fact that appellant had not placed his character in issue.

It appears that the trial court did what he could to see that appellant received a fair trial, free from prejudice and inflammatory questions.

When the jury gave this man a fine of $500 and three months in jail for selling the one bottle of beer, he should have awarded him a new trial.

We are unable to reach the conclusion that appellant was not prejudiced before the jury by the errors mentioned.

Accordingly, the judgment is reversed and the cause remanded.