**Robert Alexander BELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41540.**

Court of Criminal Appeals of Texas.

Nov. 6, 1968.

Will Gray, Houston, (On Appeal Only), for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Bob Floyd, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., of Austin, for the State.

OPINION

MORRISON, Judge.

The offense is assault with intent to rape; the punishment, 99 years.

**444**

Appellant did not testify or in any manner place his reputation in issue. His sole defense was that of alibi. One of his witnesses was his mother. State's counsel during his cross-examination of her, asked if she knew appellant's reputation for being a law abiding citizen. Appellant's counsel's objection was by the court sustained. State's counsel, after further questioning and without warning, asked her this question: "Did he ever spend any time in the State penitentiary or Federal penitentiary?". An objection was again sustained by the court and before appellant's counsel could get the court to remove the jury, the state's counsel stated that he intended to impeach the witness. In the absence of the jury the court explicitly instructed the state's counsel not to attempt to attack appellant's reputation and further instructed him that he could not impeach the witness on an immaterial matter, nor did he have a right to prove that appellant had been to the penitentiary. Disregarding the court's ruling, immediately upon the return of the jury to the box, state's counsel again began to question the witness as to appellant's place of residence at certain dates. It was at this juncture that the motion for mistrial was made. As we said in Lucas v. State, Tex.Cr.App., 378 S.W.2d 340, "Under the record, the court should have granted a mistrial." Ysasga v. State, 162 Tex.Cr.R. 157, 283 S.W.2d 62, presents a comparable situation though not so nearly aggravated as in the case at bar; and like Lucas, supra, it was also reversed. See also Day v. State, 117 Tex.Cr.R. 173, 34 S.W.2d 871, in which Judge Hawkins' opinion in Childress v. State, 92 Tex.Cr.R. 215, 241 S.W. 1029, is discussed.

By persistent disregard of the trial court's ruling, the state's counsel has clearly committed error which calls for a reversal of this conviction.

The cause is reversed and remanded