Ex parte Linda MOSS.

No. 64182.

Court of Criminal Appeals of Texas, En Banc.

May 21, 1980.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

CLINTON, Judge.

This is a post-conviction application for writ of habeas corpus, brought under the provisions of Article 11.07, V.A.C.C.P.

On February 3, 1977, petitioner entered a plea of guilty and was convicted for the offense of murder. The punishment assessed is imprisonment for twenty-five years.

Petitioner was indicted on three counts for murder and injury to a child. Petitioner pled guilty to count two, for murder, and the State waived the first and third counts. The petitioner asserts that count two of the indictment, under which she was convicted, is fundamentally defective because it fails to allege the means of causing death. The indictment alleges, in pertinent part:

"THAT LINDA MOSS AND ROBERT LANG, HEREINAFTER CALLED DEFENDANTS, ON OR ABOUT THE 20TH DAY OF OCTOBER, A.D., 1976, AND ANTERIOR TO THE PRESENTMENT OF THIS INDICTMENT, IN THE COUNTY OF POTTER AND THE STATE OF TEXAS DID THEN AND THERE KNOWINGLY AND INTENTIONALLY CAUSE THE DEATH OF THE SAID JACK MOSS BY FAILING TO PROVIDE SUFFICIENT MEDICAL CARE FOR THE SAID JACK MOSS, WHEN THE SAID DEFENDANT LINDA MOSS WAS THEN AND THERE THE PARENT OF JACK MOSS, AGAINST THE PEACE AND DIGNITY OF THE STATE."

Robert Lang, jointly indicted with petitioner, was convicted of the offense of injury to a child. On his appeal, the State

conceded that the indictment was faulty if construed to allege injury to a child, but argued that the indictment properly alleged murder. That contention was rejected because the indictment failed to allege a duty by Lang to provide medical care to Jack Moss, and therefore failed to allege means of causing death by alleging such care was withheld. *Lang v. State,* 586 S.W.2d 532 (Tex.Cr.App.1979). The panel deemed the indictment fundamentally wanting in two respects: "First, as to this appellant, the indictment made no allegation that he was a parent. Second, there was no allegation that Jack Moss was a child."[1]

■ An indictment is not fundamentally erroneous if its substance alleges an offense was committed by the accused, for it is sufficient in law to support a guilty verdict, *American Plant Food Corp. v. State,* 508 S.W.2d 598, 603 (Tex.Cr.App.1974). The offense alleged against Linda Moss by this indictment is that with requisite culpable mental states she caused the death of Jack Moss by failing to provide sufficient medical care for him *"when* the said defendant Linda Moss was *then and there* the *parent* of Jack Moss."[2]

■ The *Lang* panel plurality fashioned a proverb: "To say that A is the parent of B is not to say that B is still a child." But that is drawn, so far as appears, from reading just the definition of "child" in V.T.C.A. Family Code, § 11.01(1). Unlike *Ronk,* su-

pra, note 1, the definition of "parent," *id.,* § 11.01(3) is not considered. A parent is "the mother, a man as to whom the *child* is legitimate, or an adoptive mother or father." Thus, "parent" is by definition the mother or father of a "child" as defined in the code. Therefore, for purposes of the Family Code, at least, to say that A is the parent of B *is* to say that B is a child as defined by it.

This is the essence of *Ronk,* supra, at 125: ". . . The *only persons* charged with such duty [to provide medical care for a child] under Section 12.04 of the Family Code are the *parents* as *that term* is defined in Section 11.01, supra."

Because they were not denominated as "parents" in the indictment, the accused in *Ronk* were not alleged by it to have the duty to provide medical care.

■ Here, not only is petitioner named as the parent but also the indictment says that she failed to provide medical care *"when"* she was *"then and there"* the parent of Jack Moss—meaning necessarily that he was a child for, as a parent, she owed the duty only to a child. Substantively, it alleges she committed the offense of murder.

Whatever vitality remains in *Lang,*[3] supra, is not enough to condemn the instant indictment against petitioner.

The relief prayed for is denied.

---

1. The "first" defect found is fatal enough to the *Lang* indictment and, since we conclude that the lesson of *Ronk v. State,* 544 S.W.2d 123, 125 (Tex.Cr.App.1976) is not to be read as teaching the "second," for reasons about to be stated the Court disapproves it and its rationale.

2. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

3. Whether the result reached in *Lang* is incorrect, in that under the provisions of V.T.C.A. Penal Code, §§ 7.01 and 7.03(1) the indictment may be said to allege an offense against Robert Lang as a party to the murder of Jack Moss, we need not now determine and, accordingly, await the day when that problem is squarely presented.