**Juan Gilberto TREVINO, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–336–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 26, 1982.

Gene A. Garcia, Corpus Christi, for appellant.

Paul J. Raleigh, Asst. Dist. Atty., Wm. B. Mobley, Jr., Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and GONZALEZ, JJ.

## OPINION

GONZALEZ, Justice.

This is an appeal from a conviction for voluntary manslaughter. Appellant contends that the trial court abused its discretion in finding that he knowingly and voluntarily waived his right to remain silent and that the court committed error in refusing to instruct the jury to disregard prosecutor's side bar remark. We affirm.

On October 31, 1980, appellant was arrested in connection with a stabbing in Kingsville, Texas and taken to the police station around 11:00 p.m. Officer Krug, the first officer to interrogate the appellant testified that he took the appellant to his office and read him the "*Miranda* warnings" off a pre-printed card. This card which was admitted into evidence, bears appellant's signature and shows that he answered "yes" when asked whether he understood his rights. Another question asks: "Having these rights in mind, do you wish to give a statement? _____." The answer space following this question is blank. Officer Krug testified, at one point, that he did not ask the appellant whether he wanted to make a statement. At another point, Krug said that appellant answered "yes" to this question and that he forgot to fill in the blank. At still another point, Krug said he may not have read the question to the appellant. At any rate, Krug said appellant never indicated a desire not to talk. Appellant remained with Krug only a short period of time and did not give Krug a written statement.

After being interviewed by Krug, appellant was interviewed by several other officers. At approximately 11:45 p.m., Captain Gomez again gave appellant his "*Miranda* warnings" and interrogated him for approximately 15 minutes. According to Gomez, no promises were made, and the appellant did not ask to speak with an attorney or have an attorney present during questioning. At approximately 12:00 midnight, Officer Gomez left the room where appellant was being held and went to speak with Reymundo Cruz who had also been arrested in connection with the stabbing.

Sometime after this, a magistrate came to the police station and informed the appellant of his rights. This apparently occurred before Officer Gomez held a second meeting with the appellant sometime between 1:00 and 1:15 a.m.

Following this, the appellant was interrogated by Officer Vidal. Vidal obtained from the appellant a written statement in which the appellant claimed to have stabbed the victim, Pedro Moreno, in self-defense. Officer Vidal, however, concluded that the appellant was not telling the truth and terminated the interrogation. The written statement, although typed, was never signed by the appellant. Shortly thereafter, Officer Gomez returned for another meeting with the appellant. Gomez said that appellant admitted that his statement to Vidal was not true. Appellant then made another written statement in which he confessed to stabbing Pedro Moreno. The only major difference is that the claim of self-defense was omitted. This confession is the one challenged by appellant.

During the hearing outside the presence of the jury to determine the voluntariness of the confession, appellant testified that he told the officers that he did not want to make a statement, that he asked to make a phone call so that he could get a lawyer and that Officer Gomez told him he would have to make a statement before he could use the phone. Appellant admitted signing the confession but said he did not read it. He also admitted that officers read him the Miranda warnings.

At the conclusion of the hearing, the court found that the confession was freely and voluntarily given, that no threats, promises or mental or physical abuse or coercion was used to induce appellant to make his confession and that therefore, the confession was admissible.

Appellant attacks the admissibility of the confession on the grounds that it was obtained despite his request to consult with an attorney and despite his telling the officers that he did not want to make a statement.

At a hearing on the voluntariness of a confession, the trial court is the sole judge of the credibility of the witness. *Moon v. State,* 607 S.W.2d 569 (Tex.Cr.App. 1980); *Myre v. State,* 545 S.W.2d 820 (Tex.Cr.App.1977). When the testimony is conflicting, appellant cannot complain on appeal that a disputed fact issue was resolved against him. *Moss v. State,* 574 S.W.2d 542 (Tex.Cr.App.1978). On appeal, challenges to the trial court's ruling generally should be directed to whether the court abused his discretion in one of its findings or whether the court properly applied the law to the facts. *Sinegal v. State,* 582 S.W.2d 135 (Tex.Cr.App.1979).

In reviewing the record, we find that the trial court heard conflicting evidence as to this matter. As previously noted, at this hearing, the trial court is the sole judge of the credibility of the witnesses; he may choose to believe or disbelieve all or part of any witness' testimony. *Moon v. State, supra. Myre v. State, supra.* The trial court heard the officers' testimony that the appellant did not request an attorney which obviously conflicted with the appellant's testimony. The trial court believed the officers' testimony and disbelieved that of the appellant. Appellant cannot complain on appeal that a disputed fact issue was resolved against him. *Moss v. State, supra.* No error is shown.

Appellant further contends that his federal constitutional rights were violated under the rule laid down in *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966):

"Once warnings have been given, the subsequent procedure is clear. If the individual indicates in any manner, at any time or during questioning, that he wishes to remain silent, the interrogations must cease." *Floyd v. State,* 494 S.W.2d 828 (Tex.Cr.App.1973).

See, *Faulder v. State,* 611 S.W.2d 630 (Tex.Cr.App.1980).

The appellant alleges that he gave the confession after he told the police he did not want to give a statement. In reviewing the

record, however, we find that the officers denied that appellant indicated a desire to remain silent. Thus, the trial court once again exercised its fact-finding function and resolved the issue against the appellant. No error is shown. *Myra v. State, supra.*

Appellant next contends that the officers promised that he would be allowed to leave the police station if he would make a statement; that the police promised to protect him from a "mob" of the victim's relatives who had gathered outside the police station if he would confess; and that the police would only allow him to use the telephone if he confessed. Once again, the allegations were contradicted by the testimony of the police officers. The trial court was able to believe or disbelieve the appellant's claims. No error is shown.

In his second ground of error, appellant contends that the trial court erred in denying his motion to instruct the jury to disregard a side bar remark made by the prosecutor. The record shows that the prosecutor made the remark while questioning a State's witness. The following shows the context in which the statement was made:

> Mr. Mobley (District Attorney): "Well did you see the Defendant stab Petey at all?
>
> Mr. Garcia (Defense Attorney): She's answered that and he's arguing with the client.
>
> The Court: Overruled.
>
> Mr. Garcia: I mean with the witness. Object to improper boostering (sic) of their own witness, Your Honor.
>
> The Court: Overruled.
>
> Mr. Mobley: *We're simply trying to arrive at the truth, Your Honor.* (emphasis supplied)
>
> Mr. Garcia: Object to the side-bar remark, Your Honor, ask the jury to disregard.
>
> Mr. Mobley: Your Honor, I was talking to the Court, not counsel or to the witness.
>
> The Court: Just go ahead and ask—
>
> Mr. Garcia: Works the same, Your Honor, ask for the jury to be instructed, Your Honor.

> The Court: Overruled.
>
> Mr. Garcia: Note my exception."

 The test as to whether an improper comment by a prosecutor constitutes reversible error is whether in light of the record as a whole, the comment is extreme or manifestly improper, is violative of a mandatory statute or injects new facts that are harmful to the accused into the trial proceeding. *Todd v. State,* 598 S.W.2d 286, 297 (Tex.Cr.App.1980).

In the context of this record, we hold that the comment in question did not amount to a personal attack on the defense counsel as appellant claims. Nor does it fit into the class of comments which caused reversal in the cases *Lopez v. State,* 500 S.W.2d 844 (Tex.Cr.App.1973) and *Bray v. State,* 478 S.W.2d 89 (Tex.Cr.App.1972). Appellant's second ground of error is overruled.

The judgment of the trial court is affirmed.