Antonio FIRO, Appellant,

v.

STATE of Texas, Appellee.

No. 13-81-076-CR.

Court of Appeals of Texas, Corpus Christi.

May 5, 1983.

Rehearing Denied May 26, 1983.

**504**

Arnold X. Medina, Garza & Medina, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before BISSETT, UTTER and GONZALEZ, JJ.

**OPINION**

UTTER, Justice.

In a jury trial, appellant was convicted of murder. Punishment was assessed by the court at twenty years imprisonment. We affirm.

In his first ground of error, appellant challenges the sufficiency of the evidence to support his conviction. Specifically, he argues (1) that his identity was not established beyond a reasonable doubt because none of the witnesses stated that they saw him shoot the deceased, and (2) that the only incriminating evidence introduced by the State was his own uncorroborated confession.

In order to sustain a conviction, the State must prove (1) that the charged offense was committed and (2) that the degree of certainty establishing that the party charged was the person who committed it is greater than a mere probability or strong suspicion. In addition, "[T]here must be legal and competent evidence pertinently identifying the defendant with the transaction constituting the offense charged against him." *Phillips v. State,* 164 Tex.Cr.R. 78, 297 S.W.2d 134 (1957); *Kessler v. State,* 216 S.W.2d 228 (Tex.Cr.App. 1949). Thus, an uncorroborated confession will not support a conviction; there must be, in addition, proof of the corpus delicti of the offense. *Brown v. State,* 576 S.W.2d 36 (Tex.Cr.App.1979); *Smith v. State,* 363 S.W.2d 277 (Tex.Cr.App.1963).

Appellant's wife, Mrs. Dianna Firo, apparently left her husband and began living with Mr. Oscar Reyna. On the afternoon of November 1, 1978, appellant entered the apartment where Mrs. Firo was staying with Mr. Reyna and shot Mr. Reyna to death. Mr. Bonito Firo, appellant's nephew, testified that about 8:00 p.m. on November 1, 1978, appellant came to his house and told him that he had shot Choco Reyna's brother; that appellant told him "there was a whole bunch of people there" when he walked in, but that he "just told them to keep their seats, he was looking for his wife"; and that after appellant had been at

his (the witness's) house for about 30 minutes, the police arrived.

After consulting with his attorney, appellant signed a confession, which was introduced into evidence as a State's Exhibit, in which he unequivocally admitted shooting Mr. Reyna.

The State called upon numerous other witnesses who provided descriptions both of the man who shot Mr. Reyna and of the vehicle in which the killer fled the scene. This testimony described the appellant and the automobile he owned. In addition, one witness recorded the first three letters of the car's license plate, which were the same as those on appellant's license plate. Another witness testified that, after hearing the shot, she saw a man running and putting a gun in his pants; she then made an in-court identification of appellant as being that man.

■ In reviewing a challenge as to the sufficiency of the evidence in a non-circumstantial evidence case, this Court must view the evidence in the light most favorable to the jury verdict. *Clark v. State,* 543 S.W.2d 125 (Tex.Cr.App.1976); *Esquivel v. State,* 506 S.W.2d 613 (Tex.Cr.App.1974). We hold that, in the present action, the State has proved that Oscar Reyna was murdered, and that, considering the entirety of the evidence presented by the State, the confession is sufficiently corroborated so as to sustain a conviction for murder. Appellant's first ground of error is overruled.

In his second ground of error, appellant contends that the trial court erred by overruling the Motion to Suppress his written confession because the State did not show that he waived his constitutional right to counsel.

Police Sergeant U.B. Alvarado testified that appellant was taken before a magistrate, where his rights were read and explained to him; that appellant stated that he understood his rights and wanted a lawyer; and that Attorney Deniz Tor conferred with appellant and stated that it would be "all right with him" for appellant to give a statement regarding the incident. The

statement itself was admitted into evidence as a State's Exhibit; it states in part: "I told the judge that I fully understood my rights. Sergeant Alvarado then interviewed me again.... I told him I wanted to talk to a lawyer first.... I was contacted by attorney.... Deniz Tor of 801 Lipan Street. After consulting with him I agreed to give a full statement to Sergeant Alvarado."

■ We note first that at the pre-trial hearing on the Motion to Suppress the confession, appellant's counsel attacked the admissibility of the statement on grounds different from those urged on appeal. At trial, when the statement was offered into evidence, appellant's counsel simply renewed his previous objections. The error asserted on appeal thus varies from the specific objections made at trial, and we need not consider the argument. *Carrillo v. State,* 591 S.W.2d 876 (Tex.Cr.App.1979).

■ Even if the error had been preserved, we would hold that the confession was admissible. Appellant himself testified that he spoke with his attorney; only after that conversation did he elect to deliver a statement to Sergeant Alvarado. Thus, the record affirmatively shows that appellant did not waive assistance of counsel, but rather, that he received it. No error is shown, and appellant's second ground of error is overruled.

In grounds of error three, four, and six, appellant complains that the State elicited improper testimony from and about his wife.

Mrs. Dianna Firo testified that on the date of the shooting she was present when appellant entered the apartment; that appellant wanted her to go home with him, but that Mr. Reyna "took the gun out at Tony, [and] told him to leave"; and that she then "took mine out and I killed him...." Mrs. Firo then testified that she had given the weapon to a man known as "Pilo."

Appellant first argues that his wife was improperly cross-examined about her acts of shoplifting and forgery, usage of heroin,

and possession of guns, because these were all "matters not germane to her testimony on direct examination." However, it was on direct examination that appellant's counsel first elicited detailed testimony from Mrs. Firo regarding her acts of shoplifting, heroin usage, and gun possession. In fact, she concluded her direct testimony by admitting that she was in jail for theft before coming into court to testify in this action.

■ If a wife testifies at trial in her husband's behalf, she is subject to cross-examination and impeachment just like any other witness, except that new incriminating evidence cannot be brought out from her against the accused, nor can wholly immaterial matters be brought out for impeachment of her any more than it can be from any other witness. *Davidson v. State,* 386 S.W.2d 144 (Tex.Cr.App.1965); *Dollinger v. State,* 156 Tex.Cr.R. 397, 242 S.W.2d 891 (1951). The wife may also be cross-examined as to matters which are pertinent and germane to her direct testimony but which matters were not brought out in her direct examination. *Mitchell v. State,* 517 S.W.2d 282 (Tex.Cr.App.1974).

■ The testimony brought out on cross-examination did not vary substantially from that elicited on direct examination. No error is shown.

Appellant next contends that the trial court committed reversible error by allowing the State to call his wife as a rebuttal witness. Appellant cites *Stewart v. State,* 587 S.W.2d 148 (Tex.Cr.App.1979), *Johnigan v. State,* 482 S.W.2d 209 (Tex.Cr.App.1972), and *Caldwell v. State,* 162 Tex.Cr.R. 486, 287 S.W.2d 176 (1956) to show that reversible error occurs when the State is permitted to call a defendant's wife as a witness for the State in the presence of the jury. However, none of appellant's cases are applicable to a situation where, as here, the wife was originally called by, and testified for, the defense.

After Mrs. Firo testified that the man named "Pilo" had obtained the murder weapon, the court successfully located and subpoenaed him. Mr. Porfirio Ramirez, Jr.

testified that his nickname was "Pilo," that he knew Mrs. Firo, and that she had pawned a pistol to him. The pistol was admitted as a Defense Exhibit, and was later shown to be the weapon used to shoot and kill Mr. Reyna.

After the defense rested, the State was allowed to call Mrs. Firo as a rebuttal witness. The prosecutor questioned Mrs. Firo more completely about the pistol and her alleged act of shooting of Mr. Reyna. No new evidence tending to incriminate appellant was adduced.

■ The trial judge is vested with the discretion to regulate and control the order in which evidence is introduced, and his ruling will not be disturbed in the absence of a showing of abuse of that discretion. "The prosecution is entitled on rebuttal to present any evidence that tends to refute the defensive theory of the accused and the evidence introduced in support of it." *Laws v. State,* 549 S.W.2d 738 (Tex.Cr.App. 1977). Considering the record as a whole, and particularly in light of the unexpected circumstances surrounding the recovery of the murder weapon, we conclude that even if the questioning did exceed the scope of direct examination, the error, if any, was not so harmful as to require reversal. *Stephens v. State,* 522 S.W.2d 924 (Tex.Cr.App. 1975).

Finally, appellant argues that the trial court erred by not granting his motion for mistrial after the State's witness Sergeant Alvarado was asked:

QUESTION: Do you have any knowledge of whether or not Dianna Firo gave a statement concerning—

Before Sergeant Alvarado answered, appellant's counsel objected "[b]ecause Dianna Firo is his wife and [the prosecutor] knows that she can't even suggest that in this courtroom...."

■ The motion for mistrial was overruled, but the trial court sustained the objection "to the reference of any statement of Dianna Firo." Appellant contends that the action of the State in seeking testimony on the statement given by appellant's wife

is analogous to the State attempting to call the appellant's wife as a witness, and thereby forcing him to object in the presence of the jury. However, the record shows that the objection was interposed before the witness could testify to what Mrs. Firo's alleged statement concerned, we will therefore not hold that the abbreviated question constituted reversible error merely because the jury might have speculated about what the statement might have contained.

We note also that error, if any, was waived, for appellant's counsel later elicited testimony from Mrs. Firo showing not only that she made a statement at the police station, but also that she had not told the truth in that statement. Appellant may not argue that the admission of improper evidence is a ground for reversal where, as here, his own witness established the same facts on direct examination. By actively participating in the presentation of evidence, appellant waived his right to complain of its admission. *Tsoi v. State,* 489 S.W.2d 103 (Tex.Cr.App.1972). Appellant's third, fourth, and sixth grounds of error are overruled.

In his fifth ground of error appellant contends that the trial court erred by not granting a mistrial "after permitting the State to inject appellant's reputation before the jury...."

Mr. Bonito Firo, appellant's nephew, was called as a witness by the State. He testified that appellant visited his home on November 1, 1978, and told him that "his wife had left him for another man and that man was ruining his life because the man was giving drugs to his wife."

The prosecutor then asked the nephew:

QUESTION: Did [appellant] tell you anything about having tried to talk to the man or had he confronted the man at all or what?

ANSWER: Well, he said that he had tried and get in touch with Solomon Ortiz, then with his parole officer and then he even talked to that man to leave his wife alone.

Appellant objected outside the presence of the jury, claiming that the mention of the parole officer was "an indirect comment on the defendant's reputation"; however, his motion for mistrial was overruled.

First, it is not at all clear that the witness was referring to *appellant's* parole officer. The trial judge stated that he "thought the reference ... was to the parole officer of the man who was running around with the defendant's wife, not to the defendant." Outside the presence of the jury, appellant's counsel was then allowed to examine the witness on voir dire, and the following dialogue ensued:

QUESTION: Mr. Firo, a minute ago you testified that [appellant] told you that he had tried to call ... his parole officer. Now, ... were you talking about [the deceased's] parole officer or did you understand Antonio Firo was on parole?

ANSWER: Well, I don't know if he mean [sic] his parole officer or the other man's parole officer. I don't know.

QUESTION: So even you didn't understand?

ANSWER: No. All I know he was trying to get help from somebody before anything would go wrong.

Appellant's counsel stated that he could not "come up with any suggested instructions to the jury." The trial judge stated that he was "willing to consider an instruction to the jury if [counsel] will suggest the type of instructions you wish the Court to give." Appellant's counsel then stated, "I have no recommended instruction, if the court please." No instruction was given.

The alleged injury arose from a nonresponsive and ambiguous answer to an innocent question. This is unlike the situation in the case cited by appellant, *Bell v. State,* 433 S.W.2d 443 (Tex.Cr.App.1968), in which the Court of Criminal Appeals held that a prosecutor committed reversible error by persistently disregarding a trial court's ruling that the defendant's reputation had not been placed in issue, and therefore could not properly be impeached. The witness in the present action was a member of appellant's family and was plainly sympathetic

toward his predicament. The record reflects that no one could be sure whether it was even appellant who was being discussed. Under these circumstances, no reversible error is shown, and appellant's fifth ground of error is overruled.

 In his seventh and final ground of error appellant contends that the trial court erred by "allowing the State to present evidence regarding appellant's deceased son." Appellant contends that this evidence had no probative value, and was irrelevant, immaterial, and highly prejudicial.

Officer Ray De La Garza was called as a State witness and was asked:

QUESTION: Officer De La Garza, are you familiar with a person by the name of Tony Rodriguez?
ANSWER: Yes, ma'am, I am.
QUESTION: And how is he related to the defendant, Antonio Firo, Sr.?

Appellant's counsel objected and, out of the jury's hearing, informed the trial judge that Tony Rodriguez was "the same Tony Rodriguez Firo who was shot and killed at Huff's Foodland." Officer De La Garza was allowed, however, to testify that he knew that the relationship between Tony Rodriguez and appellant was that of father and son; that he knew where Tony Rodriguez lived in about November, 1978; and that he knew that Tony Rodriguez was deceased. When Officer De La Garza was then asked where Tony Rodriguez was at the time of trial, he stated "Tony Rodriguez was shot to death at—." Appellant objected to this answer "as not being responsive." The objection was sustained, and the jury was instructed to disregard "the last answer as to manner of death of the person"; however, appellant's motion for mistrial was overruled.

On appeal, appellant argues that the evidence of how Tony Rodriguez died was introduced by the State "to show that appellant's family were criminals..." and that the prejudicial effect of the evidence outweighed its probative value, and rendered it inadmissible. Thus, once again the ground of error raised on appeal varies from the specific objection urged at trial, and we need not consider the argument. *Carrillo v. State,* supra.

In addition, the general rule is that "[e]rror in the admission of improper testimony is usually cured by the trial court's instruction to the jury to disregard, 'except in extreme cases where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds.'" *Thompson v. State,* 612 S.W.2d 925 (Tex.Cr.App.1981); *Williams v. State,* 604 S.W.2d 146 (Tex.Cr.App.1980). In light of the record as a whole, we hold that error, if any, was cured by the trial court's prompt instruction to disregard the nonresponsive testimony.

All of appellant's grounds of error are overruled and the judgment of the trial court is affirmed.