**Antonio FIRO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 0618–83.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 28, 1983.

Arnold X. Medina, Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty., and Shannon E. Salyer, Asst. Dist. Atty., Corpus Christi, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appeal is taken from a conviction for murder. After the jury found appellant guilty, the court assessed punishment at 20 years.

In his petition for discretionary review, appellant contends that the trial court "committed reversible error in allowing the prosecution to call appellant's wife as a State's rebuttal witness." The Court of Appeals rejected this contention and stated in part:

"After the defense rested, the State was allowed to call Mrs. Firo as a rebuttal witness ... No new evidence tending to incriminate appellant was adduced ... Considering the record as a whole,

and particularly in light of the unexpected circumstances surrounding the recovery of the murder weapon, we conclude that even if the questioning did exceed the scope of direct examination, the error, if any, was not so harmful as to require reversal."

*Firo v. State*, 654 S.W.2d 503 (Tex.App.—Corpus Christi 1983).

The record reflects that appellant called his wife to testify at trial. At the conclusion of her direct examination, the State cross-examined appellant's wife. While the State was presenting rebuttal evidence, the State called appellant's wife for further cross-examination. There is no suggestion that the cross-examination during the presentation of rebuttal testimony by the State exceeded the scope of appellant's direct examination of his wife.

We find that the Court of Appeals reached the proper result in rejecting appellant's ground of error concerning cross-examination of his wife by the State. However, the Court of Appeals erroneously characterized appellant's wife as a rebuttal witness for the State. In *Craig v. State*, 594 S.W.2d 91 (Tex.Cr.App.1980), this Court stated that a witness may be recalled for further cross-examination by a party, including even the recall by the State of a defendant in a criminal case who had previously testified in his own behalf. The recall of a witness for further cross-examination does not, of itself, transform the witness into a witness for the party recalling him.

We find that appellant's contention is not supported by the record. When the State recalled appellant's wife for further cross-examination, she was not transformed into a rebuttal witness for the State. Appellant's petition for discretionary review is refused.

The judgment of the Court of Appeals is affirmed.