Armando LONGORIA, Appellant,

v.

STATE of Texas, Appellee.

No. 13-82-404-CR.

Court of Appeals of Texas, Corpus Christi.

Dec. 22, 1983.

Gene A. Garcia, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and UTTER, JJ.

OPINION

NYE, Chief Justice.

In a jury trial, appellant was convicted of burglary of a habitation. Punishment, also determined by the jury and enhanced by a prior felony conviction, was assessed at sixty years imprisonment. Issues on appeal include whether appellant's indictment was fundamentally defective; whether the prosecutor engaged in improper jury argument; and whether testimony concerning an extraneous offense allegedly committed by appellant was improperly introduced into evidence. We affirm the judgment of the trial court.

Both appellant's counsel and appellant, acting *pro se,* have filed appellate briefs. In appellant's ninth *(pro se)* ground of error, appellant contends that the evidence is insufficient to support his conviction.

Ms. Barbara Jean Whitfield testified that on the night of July 4, 1982, she awoke and saw an intruder in her home. She procured a shotgun, but the intruder took it away from her, forced her into a closet, and threatened to kill her. While he was in another part of the residence, Ms. Whitfield left the closet and retrieved the shotgun. The intruder again tried to take it away from her, and was holding on to the barrel when the weapon discharged and severely injured his right hand. The intruder then fled.

Police Officer Andrew Totz testified that he heard a police transmission that a man who had been shot was in a convenience store parking lot. He went to the location and observed appellant seated in a car with "blood all over" and with Ms. Whitfield's shotgun in his lap. Appellant's right hand had been severely damaged, so Officer Totz "had an Aid Ambulance dispatched to the scene where they administered aid and transported him to Memorial Medical Center."

Appellant testified that he was in the parking lot outside Ms. Whitfield's residence sometime after 2:00 a.m. on the night of the offense when he heard a scream from one of the buildings. He entered an apartment through an open patio door to find out what was wrong, called out but received no answer, and was surprised by someone with "something in their hand." He put out his hand and the shot was fired. He took the gun away so he would not be shot again, panicked and drove off, but decided not to call the police because he was "not one that has a whole lot of trust for the judicial system . . . ." Similarly, he testified that he later escaped from the hospital where his injury was being treated because he "was basically scared because of my prior conviction and the way I was convicted."

Ms. Whitfield testified that she was unable to identify the intruder because he wore a pair of her old shorts over his head;

that she had not screamed; that there had been only one intruder; and that her wallet had been opened. Her patio door showed signs of forced entry, and a screwdriver which did not belong to Ms. Whitfield was left on the floor.

■ Circumstantial evidence will be sufficient to support a conviction if the facts that are proven support a reasonable inference that the defendant committed the crime and exclude to a moral certainty any inference consistent with his innocence. A conviction based on circumstantial evidence cannot be sustained, however, if the circumstances do not exclude every other reasonable hypothesis except that of the defendant's guilt. *Wilson v. State,* 654 S.W.2d 465 (Tex.Cr.App.1983). In the case before us, the evidence clearly meets this standard, and is therefore sufficient to support the conviction. Appellant's ground of error is overruled.

In his first *(pro se)* ground of error, appellant contends that his indictment was fundamentally defective because it failed to allege that he committed an offense "unlawfully;" thus, an essential element of the offense was lacking. The indictment alleged that on or about July 4, 1982, appellant:

"did then and there intentionally and knowingly enter a habitation without the effective consent of Barbara Jean Whitfield, the owner, and with the intent to commit theft."

■ The indictment thus properly "tracks" Article 30.02(a)(1) of the Texas Penal Code (Vernon 1974). There is no requirement that the State plead that the acts constituting the elements of burglary of a habitation were performed "unlawfully." This is so because the plain language of the statute provides that if the acts are performed, an offense is committed.

■ Under the same ground of error, appellant argues that the indictment was defective because it failed to allege that he "had stolen any property, or had intended to steal any property." The actual commission of a theft is not a prerequisite to the commission of burglary. *Phillips v. State,* 538 S.W.2d 116 (Tex.Cr.App.1976). An indictment is sufficient if it specifically states that the entry was with the intent to commit theft. *Davila v. State,* 547 S.W.2d 606 (Tex.Cr.App.1977). The State pleaded that appellant entered Ms. Whitfield's habitation with the intent to commit theft. The indictment is not defective. Appellant's first ground of error *(pro se)* is overruled.

■ In his second through fifth *(pro se)* grounds of error, appellant cites numerous instances of allegedly improper jury argument made by the prosecutor. In all but one instance, however, appellant failed to object to the complained of argument. Therefore, no error is preserved. *Sanchez v. State,* 589 S.W.2d 422 (Tex.Cr.App.1979).

There was an objection to the prosecutor's comments on the claimed defense that appellant had entered the victim's residence in order to aid her against another intruder. The prosecutor stated:

"You know, that guy is the guy that was in there, and it's so perfectly clear it makes me ill to sit up here and listen to him tell these kind of stories, and I've got to sit here and listen to it all the time."

Appellant contends that the prosecutor was thus allowed to inject his personal opinion into argument, citing *Fowler v. State,* 500 S.W.2d 643 (Tex.Cr.App.1973) as authority for reversal.

■ Improper jury argument will not constitute reversible error unless: it is an extreme case where the language complained of is manifestly improper, harmful and prejudicial; or where a mandatory provision of a statute is violated; or where some new and harmful fact is injected into the case. *Todd v. State,* 598 S.W.2d 286 (Tex.Cr.App.1980); *Trevino v. State,* 641 S.W.2d 626 (Tex.App.—Corpus Christi 1982, pet. ref'd).

■ We do not condone the prosecutor's comments in this case, but neither can we say, in the face of the overwhelming evidence of appellant's guilt, that the argument constitutes reversible error. In *Fowler,* the prosecutor stated:

"I am certainly not going to prosecute a man that I don't feel in my own heart is guilty."

The Court of Criminal Appeals has stated that a prosecutor should not inject personal opinions into argument "lest they convey to the jury the idea that they have bases for their conclusions in addition to the evidence before the jury." In the case before us, the prosecutor was arguing that appellant falsified his testimony, not that additional extrajudicial inculpatory evidence existed. The test to determine whether the error is harmless is whether there is a reasonable possibility that the argument complained of contributed to the conviction. *Garrett v. State,* 632 S.W.2d 350 (Tex.Cr.App.1982). We hold that the argument did not contribute to the conviction of the appellant.

Although appellant's other grounds of error relating to jury argument were not preserved for appellate review, we have examined them and find no reversible error. Appellant's second through fifth *(pro se)* grounds of error are overruled.

In his sixth *(pro se)* ground of error, appellant contends that a prosecution witness gave perjured testimony that denied him due process of law. Police Sergeant Edward Garza testified at the guilt-or-innocence phase of trial in response to defense counsel's questioning that he had known appellant "for approximately eight, nine years" and that appellant's reputation for telling the truth was bad. Trial was held in December of 1982. Appellant contends that he first met Sergeant Garza in June of 1976, only six and one-half years before. Appellant also contends that he had no contact with Sergeant Garza from the summer of 1977 until July 14, 1982, the day Sergeant Garza arrested him "on an unrelated charge of escape from a hospital . . . ."

Appellant offers only his naked assertions as proof of his accusations of perjury. They are not supported by anything in the record and are not to be considered. *Braudrick v. State,* 572 S.W.2d 709 (Tex.Cr. App.1978). There is no contention or showing that the matter was ever brought to the trial court's attention during, before, or after trial, whether by objection or verbal contention. As such, no error is preserved. *Esquivel v. State,* 595 S.W.2d 516 (Tex.Cr. App.1980).

In his seventh *(pro se)* ground of error, appellant contends that the trial court improperly "placed the burden of proof on the defendant" by misdefining the State's standard of persuasion "beyond a reasonable doubt." However, the statement was made not by the Court, but by the prosecutor in his opening remarks prior to conducting voir dire of the prospective jury panel. Appellant did not object. In its instructions to the jury, the trial court directly and properly "tracked" Article 2.01 of the Texas Penal Code (Vernon 1974) in charging that, in order to convict appellant, the jury must find that he committed every element of the offense beyond a reasonable doubt. In addition, the jury was instructed that the State had the burden of proof throughout the trial, and that appellant would be presumed innocent until his guilt was established beyond a reasonable doubt. Appellant's seventh *(pro se)* ground of error is overruled.

In his eighth *(pro se)* ground of error, appellant contends that certain evidence introduced by the State improperly placed his general reputation in issue. Specifically, appellant complains of (1) Sergeant Garza's statement that he was seeking to arrest appellant "as he had escaped from Memorial Hospital when he was being held on other charges;" of (2) Sergeant Garza's testimony about appellant's reputation being bad; and of (3) the prosecutor's jury argument that appellant's testimony was "[a] real good story by an ex-con," which appellant apparently contends was adduced to show that he had been previously convicted of an offense.

Appellant's first complaint is considered more fully in the resolution of his counsel's first ground of error; it suffices to note simply that evidence of escape from custody is generally admissible on the issue of guilt. *McWherter v. State,* 607

**654**

S.W.2d 531 (Tex.Cr.App.1980). In addition, appellant himself admitted the escape when he testified before the jury. This argument is without merit.

 Appellant failed to object at trial to either of the other two complaints and we deem them waived. In addition, we iterate both that the reputation testimony was elicited from Sergeant Garza by appellant's own counsel, and that the fact of appellant's previous conviction had already been placed in evidence by appellant's own testimony in response to his own counsel's questions. Appellant's ground of error is overruled.

In another contention brought by his ninth *(pro se)* ground of error, appellant complains that the jury was not charged on the law of circumstantial evidence. Appellant's counsel neither objected to the charge nor requested any additional instructions; in fact, he advised the court that he had no objections to the charge as presented. The error was not preserved. *Foster v. State,* 603 S.W.2d 879 (Tex.Cr.App.1980); *Mills v. State,* 508 S.W.2d 823 (Tex.Cr.App.1974); *Barrera v. State,* 491 S.W.2d 879 (Tex.Cr.App.1973). In addition, in a burglary prosecution, where the only element to be proved circumstantially is that of intent, no charge on circumstantial evidence is necessary. *Mauldin v. State,* 628 S.W.2d 793 (Tex.Cr.App.1982). Appellant's ninth *(pro se)* ground of error is overruled.

Finally, appellant's counsel brings a ground of error in which he contends that the trial court erred by allowing the State to present testimony "concerning an unconnected extraneous offense of escape" from the hospital room. As we have already stated, evidence of escape from custody is generally admissible on the issue of a defendant's guilt if the evidence has some legal relevance to the offense under prosecution. For a defendant to have such evidence excluded, he must affirmatively show (1) that the escape and flight is directly connected to some other transaction, and (2) that it is not connected with the offense on

trial. *Rumbaugh v. State,* 629 S.W.2d 747 (Tex.Cr.App.1982); *Wockenfuss v. State,* 521 S.W.2d 630 (Tex.Cr.App.1975).

All of appellant's grounds of error have been considered and are overruled. The judgment of the trial court is affirmed.