**Margarita DE LEON, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–82–115–CR.**

Court of Appeals of Texas, Corpus Christi.

Dec. 20, 1984.

Arnold X. Medina, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

## OPINION

PER CURIAM.

This is an appeal from a conviction for murder. Trial was to a jury on a plea of not guilty. After conviction, the jury assessed punishment at confinement in the Texas Department of Correction for 35 years.

Appellant and her husband, Cresencio De Leon, were jointly indicted for the murder of Angel Love De Leon, their child, by omitting to provide food and medical care for him when they had a statutory duty, as parents, to so provide. After the cases were severed, a trial before a jury resulted in appellant's conviction and sentence. Cresencio De Leon's case is before this Court in Cause No. 13–82–203–CR.

In ground of error number one, appellant challenges the sufficiency of the evidence to support her conviction for murder. In considering this ground of error, this Court must review the evidence in the light most favorable to the jury's verdict. *Firo v. State,* 654 S.W.2d 503 (Tex.App.— Corpus Christi 1983), *affirmed* 657 S.W.2d 141 (Tex.Crim.App.1983).

The omission to perform statutory parental duties resulting in serious phys-

ical deficiency will constitute an offense, if the omission has the necessary mens rea. *Pickering v. State,* 596 S.W.2d 124 (Tex. Crim.App.1980); *Ahearn v. State,* 588 S.W.2d 327 (Tex.Crim.App.1979); and *Harrington v. State,* 547 S.W.2d 616 (Tex. Crim.App.1977). The omission by a parent to perform his statutory parental duty which results in the death of the child, if done intentionally and knowingly, is murder.

The evidence in this case consisted of the testimony of several neighbors and relatives of appellant, photographs of the deceased child taken when he was in apparent good health and immediately after his death, testimony of the medical doctor who had delivered the child and had examined or treated him prior to his death, testimony of police officers who observed the scene when the child was found dead, testimony of the Nueces County Medical Examiner and the written statement of appellant. A review of the evidence convinces us that it is sufficient to support the conviction. Such evidence shows that appellant was the mother of the deceased, that he was a child born February 11, 1980, that he was in need of medical attention and food, that appellant knew of such needs and did not provide for such needs and that the failure to so provide was intentional and knowing and occurred in Nueces County, Texas, at or about the time alleged. Dr. Rupp testified that the child died as a direct result of malnutrition and dehydration. Excerpts from Dr. Rupp's testimony reflect the conditions as described in most of the evidence:

"... the body was clad in a paper diaper and a knit shirt, and the body was that of a poorly developed, poorly nourished white male infant that measured thirty inches in length and weighed an estimated fourteen pounds but appeared the recorded age of seventeen months. The body hair was black and sparse. The eyes were sunken in their sockets. The eyes were brown. The pupils were round, regular and equal. The teeth were natural and in the process of erupting. The body surfaces were poorly cared for, and the subject was literally skin and bones, and was malnourished and dehydrated. ... externally—the external examination showed ant and roach erosion marks on the neck, the cheeks, the ears, the tips of the toes and fingers. There were bruises on the ears. There was a bruise across the bridge of the nose. There were bruises on the forehead. There were bruises on the cheeks. There were—and the bruises appeared to be of varying ages. The examination of the buccal mucosa, which is the internal surface of the mouth under the lips and gums, showed a laceration and ulceration of the frenulum, which is that little membrane in the middle of our upper lip, as well as a large lacerated and ulcerated area along the upper part of the left lip. There were also on the lower lip some contusions, contusion of the gingiva, lacerated and ulcerated area on the buccal mucosa of the lower lip, and there was a small bruise on the penis. As far as the internal examination was concerned, the subject was dehydrated. There was no congenital heart disease. No tumors or anything like that. All of the organs were essentially normal, and in the intestinal tract there were a few small masses of hard fecal material, again, confirming the dehydration or lack of water in his body.... The general state of nutrition, the bruising of the body, are consistent with the battered child type syndrome. The ant erosion marks and the roach marks on the body where the skin has been eaten away by the bugs indicates that the child was in such a weakened state from his malnutrition and dehydration that he couldn't brush the bugs away that were eating on it prior to his death."

Appellant's first point of error is overruled.

Appellant's second ground of error is that the trial court erred in overruling her motion to suppress her confession because it was coerced and involuntary. Appellant argues that the totality of circumstances

suggest that, due to her abnormal condition (nine months pregnant, delivery imminent), her will was overcome by the police officers. She delivered twins the next day after giving her statement to police.

■ A trial court's findings in a hearing on the issue of the voluntariness of a confession will not be overturned when there is evidence to support the findings. *Barton v. State,* 605 S.W.2d 605 (Tex.Crim. App.1980). The general rule is that, before a confession can be admitted into evidence, it must be shown to have been freely and voluntarily given. The appellant told the police officer at least twice that she wanted to tell what happened to her baby, and thus, indicated her willingness to make a statement. The record shows there were no threats or coercion used by the police officers in taking her statement. *Hawkins v. State,* 613 S.W.2d 720 (Tex.Crim.App. 1981), and *Moon v. State,* 607 S.W.2d 569 (Tex.Crim.App.1980).

■ In evaluating confessions for voluntariness, the totality of circumstances is the standard test. *Berry v. State,* 582 S.W.2d 463 (Tex.Crim.App.1979). However, appellant has not even established the least intimidation by the officers. In *Rumbaugh v. State,* 629 S.W.2d 747 (Tex.Crim. App.1982), the appellant argued that he was not his normal self among other challenges to his confession being admitted. In that case, it was held that the trial judge is the sole judge of the credibility of the witnesses at a hearing on the voluntariness of a confession. The evidence in the record supports a finding that the confession was freely and voluntarily given. Appellant's second ground of error is overruled.

■ Appellant's third ground of error is the trial court's failure to make findings of fact and conclusions of law on appellant's confession. It was necessary to abate the appeal until the trial court forwarded its finding of facts and conclusions of law. Since findings of fact and conclusions of law have been filed by the trial court, the record does not support appellant's ground of error. *Stone v. State,* 583 S.W.2d 410

(Tex.Crim.App.1979); *McKittrick v. State,* 541 S.W.2d 177 (Tex.Crim.App.1976); *Trevino v. State,* 641 S.W.2d 626 (Tex.App.— Corpus Christi 1982, pet. ref'd). The third ground of error is overruled.

By ground of error number four, appellant claims error in the trial court's action of overruling her motion to quash the indictment because it failed to allege all the elements necessary to establish that appellant had a duty to provide food and medical care to the alleged victim.

■ At the outset, we acknowledge that there are two functions of the indictment, to wit: to give adequate notice to the defendant and to invoke the jurisdiction of the trial court. These two functions are distinct and the sufficiency of the pleadings to fulfill one or the other of these functions are subject to different rules for presentation and different measures for validity. *Drumm v. State,* 560 S.W.2d 944 (Tex. Crim.App.1977). When an accused makes proper and timely complaint concerning the adequacy of the indictment to give him sufficient notice on which to prepare a defense, examination of the indictment must be made from the perspective of the accused, and in light of the presumption of innocence. *Drumm v. State,* supra; *Coleman v. State,* 643 S.W.2d 124 (Tex.Crim. App.1982). Viewed in this light, if the notice is not sufficient to adequately advise the accused of the charge against him and to enable him to properly prepare his defense, the indictment should be quashed. *Jeffers v. State,* 646 S.W.2d 185 (Tex.Crim. App.1981).

■ In order to invoke the benefit of this protection, it is required that the accused specifically point out to the trial court the manner in which the notice is deficient. *Jones v. State,* 672 S.W.2d 798 (Tex.Crim.App.1984). *American Plant Food Corporation v. State,* 508 S.W.2d 598 (Tex.Crim.App.1974). A careful review of appellant's Motion to Quash fails to reveal that the complaint raised by her ground of error number four was raised specifically in such motion. Ground of error number four is therefore overruled.

778

Even so, we must consider whether the indictment is fundamentally sufficient to invoke the jurisdiction of the trial court so as to meet the second function of a charging instrument under *Drumm v. State*, 560 S.W.2d 944 (Tex.Crim.App.1977).

Without stating the formalities, the indictment alleges that appellant and the co-indictee on or about the 3rd day of August, A.D. 1981,

"did then and there intentionally and knowingly cause the death of Angel Love De Leon, their child, by omitting to perform the following acts, to wit: providing Angel Love De Leon with food and providing Angel Love De Leon with medical care, when they had a duty to perform said acts under Title 2 Chapter, Section 12.04(3) Texas Family Code in that they were then and there the parents of the said Angel Love De Leon as defined by said Title 2, Chapter 12, Section 12.04 Texas Family Code. . . .

■ A review of TEX.FAM.CODE ANN. § 12.04 (Vernon 1975) reveals that it covers the rights, privileges and duties of a parent, but in no way seeks to define the term "parents." If the defect in the charging instrument is of such a degree as to charge no offense against the law, it is void or fundamentally defective and such a defect may be considered for the first time on appeal. *American Plant Food Corporation v. State*, 508 S.W.2d 598 (Tex.Crim. App.1974). In *Ronk v. State*, 544 S.W.2d 123 (Tex.Crim.App.1976), the Court considered an indictment involving an offense similar to the one in this case. The Court pointed out that the omission to perform an act does not constitute an offense unless a statute provides that the omission is an offense or that the person has a duty to perform the act. TEX.PENAL CODE ANN. § 6.01(c) (Vernon 1974). It further pointed out that the only persons charged with the statutory duties, listed under Section 12.04, Family Code are the parents as that term is defined in Section 11.01, Texas Family Code. Since the indictment in *Ronk*, supra, failed to allege a relationship

between the accused under the statutory duty (to secure medical treatment for the child), the indictment was held fundamentally defective and was dismissed.

In *Ex parte Moss*, 598 S.W.2d 877 (Tex. Crim.App.1980) it was held that where an indictment alleged that ". . . Linda Moss was then and there the parent of Jack Moss, against the peace and dignity of the State" such allegation was fundamentally sufficient to show that Jack Moss was a child as defined in TEX.FAM.CODE ANN. § 11.01(1) (Vernon 1975) and that the recitation that the accused was a "parent" meant a "parent" as defined in TEX.FAM. CODE ANN. § 11.01(3) (Vernon 1975).

■ In the case at bar, there was no need to define the term "parent" and the attempt to do so by adding the emphasized language is considered as surplusage. *Collins v. State*, 500 S.W.2d 168 (Tex.Crim. App.1973). We hold the indictment is sufficient to invoke the jurisdiction of the trial court and to sustain the conviction.

Finding no error, the judgment of the trial court is AFFIRMED.