**Charles Caswell BREWINGTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 267–86.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 30, 1991.

Bryan H. Hall, Jeffrey C. Brown, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., & Karen Shook, Asst. Dist. Atty., Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Presiding Judge.

Appellant was charged and convicted of sexually molesting his own eleven year old daughter. He received a sentence of twenty years' confinement. The Court of Appeals affirmed the conviction. *Brewington v. State*, 702 S.W.2d 312 (Tex.App.—El Paso 1986). This Court granted appellant's petition for discretionary review to determine whether the Court of Appeals erred in affirming the trial court's decision to allow the jury to hear evidence of two extraneous offenses, and to hear that appellant was a "fixated pedophile." Because of our disposition of the second ground for review, we will not discuss the extraneous offense testimony. We will reverse the Court of Appeals' judgment due to the pedophile testimony.

Appellant never attempted to contest the merits of the allegations that he molested his daughter; his only defense to the prosecution was that the offense took place in Amarillo, not El Paso as alleged in the indictment. After it was revealed that this

would be his defense, the prosecutor sought to introduce testimony that appellant was a pedophile, explaining:

"We, of course, are aware what the defense is in this case: it didn't happen in El Paso.... The whole idea is that a fixated offender doesn't stop without intervention and treatment and usually then [it] does not stop and it is absurd to assume [that] since [the complainant] was still within the age that a fixated pedophile would be attracted to, he would ... all of a sudden have stopped since they live in El Paso."

Thus, it is clear from the record that the prosecutor sought to introduce testimony that appellant was a fixated pedophile solely to prove appellant's propensity to molest children and that he acted in conformity therewith when he committed the charged offense. Under both the common-law, see *Bell v. State*, 433 S.W.2d 443, 443–444 (Tex.Cr.App.1968); *Compton v. Jay*, 389 S.W.2d 639 (Tex.1965), and the new rules of evidence, see Tex.R.Crim.Evid. 404(a) [1], this type of character testimony is prohibited when it is sought to be introduced to prove that a person acted in conformity therewith. See generally, Goode, Wellborn and Sharlot, *Texas Rules of Evidence: Civil and Criminal*, Section 404.2, p. 104–105 and cases collected under note 8 (Tex. Practice 1988). Consequently, the trial court abused its discretion in allowing the jury to hear this evidence.

Moreover, we cannot say that the impermissible evidence did not contribute to the conviction.[2] As stated previously, appellant's only defense to the prosecution was lack of jurisdiction in El Paso County—he contended that the offense occurred in another county prior to his moving to El Paso. The State sought to introduce the testimony that he was a pedophile solely to discredit this defense through the testimony's implication that appellant had contin-

ued to molest his children even after he moved to El Paso. The only other evidence of the molestation having occurred in El Paso is that of the eleven year old complainant. Although the complainant was unwavering in her testimony, we cannot say that the impermissible testimony did not contribute to the conviction. Rule 81(b)(2), Tex.R.App.P. See *Bell*, 433 S.W.2d at 444 and cases cited therein.

The judgments of the trial court and Court of Appeals are reversed; the cause is remanded to the trial court.

WHITE, J., concurs in the result.

MALONEY, J., not participating.

---

1. Rule 404(a) provides that "[e]vidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion."

2. Appellant introduced the same testimony in the punishment phase of trial in an effort to

receive a probated sentence with psychiatric help as a condition of probation. But appellant maintained throughout his punishment evidence that he did not molest his children in El Paso County. That is, he never admitted to having committed the crime as alleged in the indictment—only that he was a pedophile.