Joe L. SOROLA, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–83–00103–CR.

Court of Appeals of Texas,
San Antonio.

May 30, 1984.

Rehearing Denied June 28, 1984.

Charles Butts, San Antonio, for appellant.

Alger H. Kendall, Jr., Karnes County Dist. Atty., Karnes City, for appellee.

Before CADENA, C.J., and CANTU and TIJERINA, JJ.

## OPINION

CANTU, Justice.

This is an appeal from a conviction for capital murder. The punishment was assessed at life imprisonment.

At the outset we are confronted with reversible error presented to us in appellant's first ground of error. This first ground of error asserts that it was reversible error for the trial court to assess punishment following the jury's verdict of guilty. We agree and reverse.

The record reflects that following the jury's decision that appellant was guilty of capital murder, the jury was sent back to the jury room. Outside the presence of the jury, the trial court, the State, and appellant agreed that because the State had waived the death penalty in this case, the proper procedure was to have the court assess punishment. The trial court then found appellant guilty of capital murder and sentenced him to life imprisonment in the Texas Department of Corrections. Thereafter, without objection, the court informed the parties he was going to release the jury panel.

The Court of Criminal Appeals has consistently held that in a capital murder case the State cannot waive the death penalty and a defendant cannot waive the right of trial by jury. *Ex parte Bailey,* 626 S.W.2d 741 (Tex.Crim.App.1981); *Ex parte Jackson,* 606 S.W.2d 934 (Tex.Crim.App. 1980); *Eads v. State,* 598 S.W.2d 304 (Tex. Crim.App.1980); *Ex parte Dowden,* 580 S.W.2d 364 (Tex.Crim.App.1979); and *Batten v. State,* 533 S.W.2d 788 (Tex.Crim. App.1976).

The State argues that TEX CODE CRIM. PROC. ANN. art. 35.25 (Vernon 1966) is authority for the State to waive the death penalty. A similar contention was raised by the State regarding TEX.CODE CRIM. PROC.ANN. art 35.13, as amended in 1967, and 35.16(b)(1), as it existed in 1965, and was rejected in *Batten v. State, supra.* For the reasons enunciated in *Batten v. State, supra,* the State's argument as to Article 35.25, *supra,* must fail.

In a capital murder case, the verdict is not complete until the jury has rendered a complete verdict on punishment. *Ex parte Bailey, supra.* Even with agreement of all the parties, the trial court was not authorized to assess punishment in this case. *Ex parte Bailey, supra.* The first ground of error is sustained.

Although this case must be reversed, we will address two other grounds of error raised by appellant. Appellant's second ground of error is that the trial court erred in admitting his written statement into evidence over his timely objection that it was involuntary. In this ground appellant alleges the statement was not taken in compliance with TEX.CODE CRIM.PROC. ANN. art. 38.22, § 2 (Vernon 1979) because the required warnings were on page one of the statement while the alleged details of the offense were on page two of the statement. He further alleges that Texas Ranger Steele informed him, prior to statement, that if he would cooperate with the officers that Steele would inform the District Attorney of his cooperation. If appellant did not cooperate, the District Attorney would be informed of that fact.

In his third ground of error, appellant urges his written statement was inadmissible because the State failed to preserve a tape recording as required by TEX.CODE CRIM.PROC.ANN. art. 38.22, § 3(b) (Vernon Supp.1984).

A hearing was conducted on appellant's motion to suppress the statement. Following testimony of the officers involved and appellant, the trial court denied the motion. The trial court made findings of fact and conclusions of law which are before us.

See TEX.CODE CRIM.PROC.ANN. art. 38.22, § 6 (Vernon 1979). Testimony was adduced at trial concerning the statement with the exception that appellant did not testify at trial. The trial court submitted the question of the voluntariness of the statement in its charge to the jury.

Appellant was arrested, pursuant to an arrest warrant, on January 6, 1982 in Leming, Atascosa County, around midnight. The arresting officers included Sheriff Tommy Williams, Deputy David Soward, Deputy Steve Gonzalez and Texas Ranger Robert Steele. After placing appellant in the officers' car, Soward turned on a portable tape recorder. While the recorder was on, appellant was informed that he was under arrest for capital murder and read his *Miranda* rights.[1] According to the officers, appellant indicated he understood each of his rights and never mentioned a lawyer either directly or impliedly. Immediately after this, appellant did request that someone drive his car home or for someone to contact his father to come and get his car. The car was parked near where the officers stopped and where appellant had been speaking with friends, who were still present at the time. At this time, Soward turned off the tape recorder and it was never turned on again.

On the way to the Justice of the Peace's office, the officers stopped their car in what appears to be an attempt to separate appellant and his co-defendant, David Zepeda, during the magistration. After waiting a short time, the officers took appellant before Justice of the Peace Jim Persyn.

At trial, Judge Persyn testified that he explained to appellant the charge against him. Judge Persyn gave appellant the required warnings. See TEX.CODE CRIM. PROC.ANN. art. 38.22, § 2(a) (Vernon 1979). Appellant was questioned by the Judge as to each right of which he was advised and he told the Judge that he understood each. Both appellant and Judge Persyn signed the printed warning form, State's Exhibit No. 15, which was admitted into evidence without objection.

Following the warnings by the magistrate, appellant was transported to the sheriff's office. When requested, appellant agreed to give a statement. Appellant was again given the required warnings. Appellant again indicated that he understood his rights. After the statement was typed by one of the officers it was given to appellant for him to read. The statement, State's Exhibit No. 11, consists of two pages. The first page contains the required warnings and appellant's name, age, address and other background information. It also indicates that this is page one of appellant's voluntary statement. Page two contains the details of the alleged offense. It states that it is page two of appellant's voluntary statement. Both pages were given to appellant to read. Appellant noted errors and corrections on the statement by placing his initials, "J.S.", at the appropriate areas. Appellant's signature on both pages was witnessed by Sheriff Williams and Officer George Powell. All the officers testified that appellant never requested an attorney. They denied that appellant made a statement to the effect, "You are going to have to see my attorney about that," following the warnings given in the car.

Although he admitted that he told the co-defendant, David Zepeda, that he would notify the District Attorney if Zepeda cooperated, Ranger Steele denied making such a statement to appellant. Steele testified that no promises, threats, force, rewards or benefits were offered to appellant in exchange for giving the statement.

At the motion to suppress hearing, appellant testified that, after he was warned of his rights in the car and while the tape recorder was operating, he told the officers, "Well, you all are going to have to talk to my lawyer about this." Appellant testified he never acknowledged that he understood his rights, although he did understand them. He testified that Soward asked about getting appellant's car home and he, appellant, did not say anything. At this time the recorder was stopped. Appellant admitted signing the warning form

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).   .

given by Judge Persyn and he admitted that he understood his rights. Appellant denied that he told Judge Persyn that he did understand his rights. Appellant then denied that he made a statement. According to appellant, the first time he saw State's Exhibit No. 11 was when his attorneys showed it to him while they were visiting him in jail. He admitted that his signature was on both pages but stated he signed some blank forms while in custody at the officers' request. He denied that the initials on page two were placed there by him. He denied giving the officers any information forming the basis of the statement. Appellant repeatedly asserted that he never told the officers anything.

The record shows that the statement was begun at 1:45 a.m. and signed at 3:28 a.m. on January 7, 1982.

Soward also testified, without objection and without going into details, that appellant admitted his involvement in the murder and robbery to Soward in Judge Persyn's office right before appellant was magistrated. This testimony was first elicited by appellant on cross-examination of Soward and later reiterated on re-direct by the State.

■ Appellant's contention that the two page statement is in fact two separate instruments is not supported by the record. The testimony and the statement itself shows that it is but one instrument, or one statement, consisting of two pages. The warnings required by article 38.22(a), *supra*, were properly placed on the face of the statement as mandated by the statute. No error is shown.

■ As to appellant's second contention, the testimony of Ranger Steele was uncontradicted that he did not tell appellant that he would speak to the District Attorney with regards to appellant's cooperation or lack thereof. There is no testimony of any promises of benefits being offered appellant. Before a confession will be rendered inadmissible on the theory that it resulted from a promise of benefit, the promise must be of some benefit to the defendant; it must be positive; it must be made or sanctioned by a person in authority; and it

must be of such character as would be likely to influence the defendant to speak untruthfully. *Washington v. State*, 582 S.W.2d 122 (Tex.Crim.App.1979). The record is devoid of any showing that a promise of benefit was offered appellant. Additionally, appellant denied making the statement attributed to him. Appellant's second ground of error is overruled.

Appellant's third ground of error urges the statement was inadmissible because the officers failed to preserve the tape recording in violation of art. 38.22, § 3(b), *supra*. Appellant contends that had the tape been preserved it would have supported his testimony that he asked the officers if he could call a lawyer.

The testimony showed that while the tape recorder was still operating, and after the warnings had been given appellant, a statement or question was made regarding having someone take appellant's car home. After this statement or question, the recorder was stopped. Having stopped the recording, the officers testified that they then believed they had failed to meet the requirements of article 38.22, section 3, *supra*, and no further recording was made. Soward eventually re-used the tape thus, in effect, obliterating from the tape the recording of what had transpired in the car.

■ While not condoning the action of officer Soward in failing to preserve the tape in question, we find no error. The warnings required by article 38.22, *supra*, and the accused's WAIVER must initially appear on the written or recorded memorandum PRIOR TO ANY STATEMENT that is admissible and USED AGAINST the accused. (Emphasis added.) The required warnings and an accused's response to those warnings alone are not the kind of statement to which article 38.22, *supra*, refers. In circumstances where an accused invokes his right to remain silent and requests counsel and in such event his action is recorded, it is not a statement which can be used against him. *See Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). Since the warnings given appellant and his response thereto alone are not the

kind of statement contemplated by article 38.22, *supra*, the recording of that event did not have to be preserved under sec. 3(b) of said article.

 In determining the voluntariness of a confession, the totality of the circumstances must be examined. *Berry v. State*, 582 S.W.2d 463 (Tex. Crim. App. 1979). At a hearing on the voluntariness of a confession, the trial court is the sole judge of the credibility of the witnesses; he may choose to believe all or part of any witnesses' testimony. *Myre v. State*, 545 S.W.2d 820 (Tex. Crim. App. 1977) and *Trevino v. State*, 641 S.W.2d 626 (Tex. App.—Corpus Christi 1982, pet. ref'd).

The testimony of the State's witnesses was that appellant, after repeated warnings, voluntarily waived his rights including his right to counsel. While trial counsel was urging the statement was inadmissible because it was given after appellant invoked his right to counsel which was not honored by the officers, appellant testified repeatedly that he never told the officers anything regarding the contents of the statements. Appellant testified that he requested counsel but never gave a statement at all. Appellant acknowledged that his signature was on the bottom portions of the statement but explained he was told to sign some forms or papers, which were blank or covered with other papers. He denied that the initials by the corrections were placed there by him. In effect, appellant's testimony was that the statement was a fabrication of evidence. Appellant never admitted to giving any statement. Thus, appellant's testimony at the hearing not only did not support the contention urged by his trial counsel, it was diametrically opposed to the contention raised by counsel both at trial and on this appeal.

At trial, the State's witnesses remained firm in their testimony that the confession was voluntarily given and that appellant never requested counsel. No testimony was offered by appellant.

Under the totality of the circumstances, we find sufficient evidence for the trial court and jury to have found appellant's confession to have been voluntarily given. This ground of error is overruled.

Because appellant's first ground of error is sustained, the judgment of the trial court is reversed and the cause is remanded.