NUMBER 13-10-00343-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI -
EDINBURG 


                                                                                                                     


 

OSVALDO ESTRADA
TORRES,                                            Appellant,

 

v.

 

THE STATE OF TEXAS,                         
                             Appellee.

                                                                                                                     
  

 

On appeal from the
107th District Court 

of Cameron County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza 

Memorandum Opinion by
Justice Rodriguez

                                                                                                                                    

A jury found appellant Osvaldo Estrada
Torres guilty of the offense of burglary of a habitation.  See Tex. Penal Code Ann. '
30.02(a)(3) (West 2003).  The trial court assessed punishment at fifteen years
in the Texas Department of Criminal Justice, Institutional Division.  By one
issue, Torres contends that the trial court erred in denying his motion to
suppress.  We affirm.

I.  Standard of Review

Generally, we review the trial court's
ruling on a motion to suppress evidence for an abuse of discretion, using a
bifurcated standard.  Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim.
App. 1999); Guzman v. State, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997)
(en banc); see also Urbina v. State, No. 13-08-00562-CR, 2010 Tex. App.
LEXIS 6728, *3-7 (Tex. App.—Corpus Christi Aug. 19, 2010, pet. ref'd) (mem.
op., not designated for publication) (same).  We give "almost total
deference" to the trial court's findings of historical fact that are
supported by the record and to mixed questions of law and fact that turn on an
evaluation of credibility and demeanor.  Amador v. State, 221 S.W.3d
666, 673 (Tex. Crim. App. 2007) (citing Guzman, 995 S.W.2d at 89).  “At
a hearing on a motion to suppress, the trial court is the sole and exclusive
trier of fact and judge of the credibility of witnesses as well as the weight
to be given their testimony.”  Garza v. State, 213 S.W.3d 338, 346 (Tex.
Crim. App. 2007).  As such, “the trial judge may choose to believe or
disbelieve any or all of a witness’s testimony.”  Id.  When the trial
court has not made a finding on a relevant fact, we imply the finding that
supports the trial court's ruling, so long as it finds some support in the
record.  State v. Kelly, 204 S.W.3d 808, 818-19 (Tex. Crim. App. 2006); see
Moran v. State, 213 S.W.3d 917, 922 (Tex. Crim. App. 2007).  We review de
novo "mixed questions of law and fact" that do not depend upon
credibility and demeanor.  Amador, 221 S.W.3d at 673 (citing Montanez
v. State, 195 S.W.3d 101, 109 (Tex. Crim. App. 2006)); Guzman, 995
S.W.2d at 89. 

Under an abuse of discretion standard,
we view the record in the light most favorable to the trial court's conclusion
and will uphold the trial court's ruling if it is reasonably supported by the
record and is correct under any theory of law applicable to the case.  State
v. Dixon, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006).  We will reverse the
judgment only if it is outside the zone of reasonable disagreement.  Id.

II. 
Discussion

In this case, Torres claims that the
police induced him to give a confession.  See Tex. Code Crim. Proc. Ann. art. 38.21 (West 2005) ("A
statement of an accused may be used in evidence against him if it appears that
the same was freely and voluntarily made without compulsion or persuasion . . .
.").  However, the only evidence that supports Torres's claims is his own
testimony, all of which conflicts with testimony provided by Detective Sergio
Perez, the investigator who took Torres's confession.

At the hearing, Detective Perez
testified that he told Torres that he was investigating a burglary in which
Torres was implicated.  After Detective Perez informed Torres of his Miranda
rights, Torres confessed.  And although Torres testified that he was promised
he would not be arrested in exchange for his statement implicating other
individuals and that "[t]hey threatened to take [his] wife and stepdad and
call [Child Protective Services] and take [his] little daughter" unless he
cooperated, Detective Perez testified that the only "inducement" he
offered Torres for his confession was that he would inform the District
Attorney of Torres's cooperation in the case.  See Garcia v. State, 919
S.W.2d 370, 388 (Tex. Crim. App. 1996) (citing Sorola v. State, 674
S.W.2d 809, 812 (Tex. App.—San Antonio 1984), aff'd, 693 S.W.2d 417
(Tex. Crim. App. 1985)) (relying on the Sorola holding that the mere
fact that the police officer told appellant he would inform the district
attorney as to his cooperation or lack of same was not a promise so as to
render appellant's confession inadmissible).

After judging the credibility and
demeanor of Torres and Detective Perez and the weight to be given their testimony,
the trial court determined that Torres's confession was voluntary and denied
his motion to suppress.  See Garza, 213 S.W.3d at 346.  Because the
trial court's decision turned on its evaluation of the credibility and demeanor
of the witnesses in this case, we defer to the trial court's decision to give
credence to Detective Perez's testimony.  See Amador, 221 S.W.3d at
673.  In this case, the record supports the trial court's implied findings that
Torres was neither promised anything nor threatened with anything in exchange
for his confession and that he gave it voluntarily.[1] 
See Kelly, 204 S.W.3d at 818-19.

Viewing the record in the light most
favorable to the trial court's conclusion, we conclude that the trial court's
decision to deny the motion to suppress is within the zone of reasonable
disagreement.  See Dixon, 206 S.W.3d at 590.  The trial court did not
abuse its discretion when it denied Torres's motion to suppress.  See id. 
We overrule Torres's sole issue.

III. 
Conclusion

We affirm the judgment of the trial
court.

 

                                                                                                             NELDA
V. RODRIGUEZ

                                                                                                             Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the 

4th day of August,
2011.









[1] Torres cites to Rogers v. Richmond
in support of his argument.  In Rogers, the petitioner made claims
similar to Torres's claims in challenging the voluntariness of his confession. 
See 365 U.S. 534, 535-41 (1961).  However, the United States Supreme
Court reversed and remanded the case to the court of appeals because the trial
court violated due process by considering the probable reliability of the
confession in determining that it was voluntary.  Id. at 543-44.  Here,
Torres has pointed to nothing in the record to indicate that the trial court
took into account the probable truth or falsity of his confession in
determining its voluntariness.  Therefore, Rogers is distinguishable
from the present case and provides no support for Torres's contentions.