ALISON DAVIS v. THE STATE.

No. 2469. Decided May 27, 1903.

**1.—Hunting on Posted Lands—Information.**

An information for hunting with firearms upon inclosel lands of another, brought under section 1 of the Acts of 1899, page 173, is sufficient without negativing the exceptions contained in section 2 of said act. The proviso in the second section does not apply to the first section.

**2.—Continuance—Convicted Witness.**

A continuance was properly refused for an absent witness who had been convicted for the same misdemeanor, and who had not paid the fine imposed upon him.

**3.—Same.**

On a trial for hunting on posted lands, a continuance was properly refused where the statement was that the witness would testify that all the gates were not posted. If it was expected to prove that a gate was not posted, it should have been particularized in the application to continue.

Appeal from the County Court of Zavala. Tried below before Hon. O. A. Mills, County Judge.

Appeal from a conviction of hunting with firearms on the posted lands of another; penalty, a fine of $1.

No statement necessary.

*J. B. Ross,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was indicted under the Acts of 1899, page 173, for hunting with firearms upon the inclosed

and posted lands of another without the consent of the owner, which lands were used for grazing purposes, and on which the owner was grazing cattle. It is contended that the information is not sufficient because it does not negative the exceptions set out in section 2 of said act. The first and second sections of said act, while not as clear as they might be, still the second section may be held to apply to inclosed and posted lands other than those set out in section 1. If not, then we are at a loss to know why the second section was placed in the act, except to state the penalty. The first section applies to inclosed and posted lands, which are used for agricultural or grazing purposes, and on which cattle, horses, sheep or goats are being herded or grazed. Section 2 can be held to apply to lands that are neither used for agricultural purposes nor on which stock, above mentioned, are being herded or grazed. But the proviso of the second section, in our opinion, does not apply to the first section. Therefore, we are of opinion that the information is sufficient.

The case was tried, resulting in a hung jury. Subsequently, at the same term of court, another trial was had which resulted in this conviction. After the mistrial and before entering upon the second trial, appellant filed an application for continuance on account of the absence of the witness Oden, as well as for the testimony of Jim Davis. Jim Davis had just been convicted for the same offense, and had not paid his fine. The continuance was properly overruled as to him, because the fact that he might pay up his fine before the succeeding term of the court would not justify the granting of his application. By Oden it was expected to prove that all the gates in the owners "lower pasture" were not posted. From the testimony it seems there were several of these gates, and the one not posted, if in fact there was one not posted, is not set out in the application; at least, the one Oden was expected to testify was not posted, is not mentioned. The statement is general that he expected to prove that all of said gates were not posted. This statement is too broad. If in fact there was a gate not posted, and Oden was expected to testify to that fact, this gate should have been particularized and mentioned. The court did not err in refusing the continuance. The evidence fully supports the conviction. It is clearly shown that appellant was hunting in the inclosed pasture of the alleged owner, and that he and his two associates were shown to have killed at least two deer in the pasture. The judgment is affirmed.

*Affirmed.*