W. R. ASHBROOK, RESPONDENT, v. WILSON WILLIS, ETC., APPELLANT.
—100 S. W. (2d) 943.

Kansas City Court of Appeals.   January 11, 1937.

*Cowgill & Popham* and *John F. Cook* for respondent.

*Harding, Murphy & Tucker* for appellant.

SHAIN, P. J.—This is an action for damages arising out of an automobile collision in the intersection of Valley Road and 63rd Streets in Kansas City, Missouri.

The plaintiff alleges that when he was in the intersection of Valley Road and 63rd Street and proceeding westwardly on 63rd Street, the defendant's servant, while driving defendant's automobile truck on Valley Road in a northern direction, so carelessly and negligently operated said automobile truck as to cause same to come into violent collision with plaintiff, permanently injuring him.

Plaintiff sued in two counts, the first count for personal injuries in the sum of $10,000 and in the second count for damages to his car in sum of $1056.30, all alleged as direct result of aforesaid negligence of defendant.

The defendant answered as to both counts by a general denial and plea of contributory negligence.

The defendant further pleading by way of counterclaim alleges, that at *said time and place* the plaintiff so negligently and carelessly operated his automobile as to thereby cause same to come into violent collision with defendant's car and thereby directly cause the collision.

Defendant further alleges that directly due to plaintiff's negligence aforesaid, he was caused property damage in the total amount of $2733 for which he prays judgment.

Plaintiff filed reply of general denial as to defendant's answer and counterclaim.

Trial was by jury resulting in a verdict for plaintiff for $500 damages for personal injuries and a verdict for $500 for defendant on his counterclaim.

Judgment was entered in accordance with the verdict of the jury and plaintiff filed motion for new trial.

The trial court granted a new trial on the following expressed reason, to-wit: ''Plaintiff's motion for a new trial sustained because of error in giving defendant's instruction No. 5, and excepted to by defendant.''

The defendant appealed from the order granting a new trial and as the amount of damage alleged to have been sustained by plaintiff and for which he asked judgment exceeded the amount of $7500 the appeal was granted to the Supreme Court of Missouri.

The question of plaintiff's action being in two counts and only one transaction being raised in the Supreme Court and the second count was withdrawn.

While this case was pending in the Supreme Court, questions involving the rules of that court as to filing abstract of records were raised, but not disposed of for reasons that will later appear.

By action of Division No. 2, of the Supreme Court, at its September Term, this cause was transferred to this court by mandate.

. In the opinion with the mandate herein the Supreme Court says:

"This .court is one of limited appellate jurisdiction (Stuart v. Stuart, 320 Mo. 486, 487, 8 S. W. (2d) 613.) The only possible ground for our jurisdiction over this appeal is that the 'amount in dispute' exceed $7,500. [Sec. 12, Art. 6, and Secs. 3 and 5, Amend. 1884 of Art. 6, Mo. Const., pp. 108, 118, R. S. 1929; Sec. 1914, R. S. 1929, Mo. St. Ann., p. 2587.] The issues presented for review are clearly insufficient to vest appellate jurisdiction here."

The opinion further says:

"Whenever necessary to preserve the constitutional integrity of this court, we have reserved to ourselves the right to pierce the shell of the pleadings, proofs, record and judgment sufficiently far to determine that our proper jurisdiction is not infringed upon, or improper jurisdiction is not foisted upon us by design, inadvertence or mere colorable—and not real—amounts."

The opinion quotes from Vandenberg v. Kansas City Mo. Gas Co., 199 Mo. 455, 97 S. W. 908, as follows:

". . . where, as in this case, the whole case of plaintiff is presented below and becomes a part of the record through a bill of exceptions, this court has hesitated to give to a plaintiff the whimsical and unregulated power to control its jurisdiction by a mere stroke of his pen in his petition, and we have reserved to ourselves the right in emergency to control the question of jurisdiction by looking into the whole record far enough to do so, by seeing to it that jurisdiction is not foisted upon us by a mere paper or colorable amount in dispute, but is regulated by the real amount in dispute on appeal as disclosed by the entire record."

In the conclusion of the opinion this language appears:

"Under the authorities supra any inadequacy of plaintiff's damages is not presented for review; and from counsel's failure to reason said issue here, we may, and do, conclude it to be no issue to reason—an issue of color only and not of substance—and insufficient to vest appellate jurisdiction in this court."

We have set forth the language above, as found in the opinion with the mandate, for the reason that the same presents a terse statement of modern trend of the judiciary to deal with substance rather than legal fiction and to get at the meat of the controversy, if need be, by the use of common sense method that has been too often barred from judicial reasoning. Such, on a judicial bill of fare, might well be expressed as "a la carte" Brandeis.

The expressions used by the court in transferring the case here, calls to mind the expression, "Extravangantes," as used in the canon law to express that the matter was out of the canonical law. Otherwise, expressed, "quasi vagantes extra corpus juris," which being interpreted to suit this occasion means, that litigants cannot confer

jurisdiction by means of unreasonable and extravagant claims of amount due.

To this court there is a further significance, to-wit: The jurisdiction of this court can be increased by mandate as well as by legislative enactment.

As to the questions raised in the Supreme Court, concerning time and notice of filing abstracts of the record, we conclude that consideration of same is not before us, for the reason that all were duly filed in this court in due time.

For continuity, we will continue to refer to respondent as plaintiff and to appellant as defendant.

## OPINION.

The plaintiff, in addition to reason assigned by the trial judge in granting a new trial, presents other reasons that were raised in his motion for a new trial. However, we first give consideration to the point as to instruction No. 5, given on behalf of the defendant on his counterclaim.

The instruction is as follows:

''The court instructs the jury that in considering the defendant's counterclaim in this case, irrespective of the manner and place in which said defendant's truck was being operated at the time of and immediately prior to said collision, if you further find and believe from all of the evidence that plaintiff knew, or by the exercise of the highest degree of care could have known, that the defendant's truck was upon and crossing said 63rd Street, if so, at the said intersection of 63rd Street and Valley Road, as aforesaid, and in a position of imminent peril from the approach of said Marmon motor car driven by said plaintiff, if so, in time thereafter, by the exercise of the highest degree of care upon the part of said plaintiff, to have stopped said motor car, slackened the speed thereof, or changed the course thereof, and thereby have avoided striking and colliding with the defendant's truck, if so, and that the plaintiff negligently and carelessly failed so to do, if so, then in such event it is your duty under the law to return a verdict in favor of defendant upon his counterclaim and against the plaintiff.''

The instruction purports to cover the defendant's whole case as presented in the counterclaim and asks for a verdict based upon the finding of facts presented in the instruction.

The instruction is certainly loosely drawn and presents a wide range for the jury, ''irrespective of the manner and place,'' and permits a verdict without causal connection between alleged negligence and the injury. Such defect presentes error. [Reaves v. Gordon et al., 45 S. W. (2d) 99, l. c. (5) 100.]

It is manifest from the verdict in this case that recovery was had

by both plaintiff and defendant under the humanitarian rule. The verdict is peculiar in that the jury found that both were entitled to recover, and, in that the jury found that plaintiff's personal injuries were exactly offset by defendant's property loss.

The verdict herein bears analogy to a boys' wrestling match, wherein the result is termed a "Dog fall." Such result in the manly sport calls for a new trial.

Instruction No. 5, is evidently based upon the humanitarian theory and does not require that plaintiff could have stopped with the appliances at hand with reasonable safety to himself and others. Such an omission is error. [Spoeneman v. Uhri, 60 S. W. (2d) 9, 1. c. 11.]

In a research of the record we fail to find evidence from which it can be concluded as to whether or not either the plaintiff or defendant could have stopped their automobile after seeing or being able to see the other's peril. There appears to have been no direct evidence as to the number of feet in which either car, traveling at its rate of speed, could have been stopped. We conclude, therefore, that the jury were instructed in effect to make finding of fact minus evidence of the fact. Such, of course, is error. [Elkin v. St. Louis Pub. Ser. Co., 74 S. W. 909, 1. c. (9, 10) 604.]

The defendant, appellant herein, urges that no error is presented when instruction No. 5 is read in connection with plaintiff's instruction No. 3. Instruction No. 3 purports to set forth the elements that characterize an instruction under the humanitarian rule. The instruction omits the element of "safety to others." [See Spoeneman v. Uhri, 60 S. W. (2d), 1. c. 13.]

We conclude that even when taken in connection with instruction No. 3, all of the elements of the humanitarian rule are not presented. However, if so, instruction No. 5 does not submit within itself all of the issues upon every phase of the case and such failure constitutes reversible error. [Cassin v. Lusk, 277 Mo. 663, 210 S. W. 902.]

Having reached the conclusion above, we need not discuss other points presented.

The action of the trial court in granting a new trial is affirmed and cause remanded for retrial. All concur. *Bland* and *Reynolds, JJ.,* in result.