**PLUNKETT v. ABRAHAM BROS. PACKING CO., Inc.**

No. 9132.

Circuit Court of Appeals, Sixth Circuit.

June 29, 1942.

420

Anthony A. Aspero and John H. Franklin, both of Memphis, Tenn., for appellant.

Abe D. Waldauer, of Memphis, Tenn., for appellee.

Before HICKS, HAMILTON, and MARTIN, Circuit Judges.

HICKS, Circuit Judge.

The parties are herein referred to as they appeared of record in the District Court.

Complainant filed his complaint against defendant, and, so far as is material here, alleged therein: That he and defendant were resident citizens of Memphis, Shelby County, Tennessee, and of the Western District of Tennessee; that commencing with October 24, 1938, and continuing to October 15, 1940, complainant was an employee of defendant in the capacity of a driver and truck driver's helper, transporting and delivering meats, goods and commodities produced and manufactured by defendant, and making trips and delivery of same in Mississippi and to other points beyond the limits of Tennessee in interstate commerce; that while making these trips outside of Tennessee he was required to work as many as twenty-two hours per trip and was only paid at the rate of $2.75 for each trip; that during each work week throughout his entire time of employment he was required to make as many as three trips beyond the limits of Tennessee and never received wages in conformity with the requirements of minimum wages and maximum hours as set forth in the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq.; that he had kept a record of his time and the amounts due him from January 21, 1939 to September 26, 1940, to wit, $909.35; that he was entitled to an additional amount which the records of defendant will disclose upon proper discovery; and that he therefore sues for the entire amount due and also for a reasonable attorney fee, as provided by the Fair Labor Standards Act of 1938.

Defendant filed a motion to dismiss upon the grounds, (1) that the complaint failed to state a cause of action; and (2) that complainant is precluded from the provisions of the Fair Labor Standards Act upon which his suit is based. The court sustained the motion; hence this appeal.

The court held that the employment of complainant was governed and controlled by the Motor Carriers Act of 1935 and not by the Fair Labor Standards Act of 1938. The case turns largely upon the effect to be given to Sec. 13(b) (1), 29 U.S.C.A. § 213 (b) (1), of the Fair Labor Standards Act. This section, so far as material, is as follows: "The provisions of section 207 shall not apply with respect to (1) any employee with respect to whom the Interstate Com-

merce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of section 304 of Title 49."

Section 204(3) of the Motor Carriers Act, 49 U.S.C.A. § 304(3), empowers the Interstate Commerce Commission to "prescribe qualifications and maximum hours of service of employees" of private carriers such as the defendant. The complaint describes the complainant as an employee of defendant, a private carrier in interstate commerce. It follows that complainant is excluded from the benefits of Sec. 207 which deals with maximum hours and compensation for overtime, inasmuch as he was an employee whose functions affected the safety of operations. In so far as the district court so held, its ruling was correct. See Overnight Motor Transportation Co. v. Missel, 62 S.Ct. 1216, 86 L.Ed. ——, decided by the Supreme Court June 8, 1942; Bechtel v. Stillwater Milling Co., D.C., 33 F.Supp. 1010.

But, there is nothing in the Fair Labor Standards Act which excludes complainant from the right to minimum wages vouchsafed to him under Sec. 206 of the Act, and it is for such unpaid minimum wages that complainant sued. It is true that he embraced within his complaint a claim for unpaid overtime compensation to which the complaint itself shows that he is not entitled, but the fact that he claims more than he is entitled to should not deprive him of the right to recover any unpaid minimum wages due him under Sec. 206.

The complaint stated a claim upon which, if proved, relief might have been granted. Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. We think that the motion to dismiss should have been overruled. As to the claim for overtime, the court could have treated that portion of the complaint as immaterial either by striking it, or by allowing it to remain in upon the theory that it in no way harmed the defendant. Haddock v. Springfield Yellow Cab Co., D.C., 1 F.R.D. 504. This course would have given recognition to Rule 8(f) of the Federal Rules of Civil Procedure which is that, "all pleadings shall be so construed as to do substantial justice." It would also have furthered the humanitarian purposes of the Fair Labor Standards Act, one of which was to eradicate the evils attendant upon low wages in industry. Fleming v. Hawkeye Pearl Button Co. et al., 8 Cir., 113 F.2d 52.

There is no very difficult problem involved in reducing by computation the wage rate per trip, as alleged in the complaint, to the hourly rate prescribed by Sec. 206.

The cause is remanded for a new trial with directions to proceed therewith in accordance with this opinion.