JAUNITA MILLER, RESPONDENT, v. KANSAS CITY PUBLIC SERVICE COMPANY, A CORPORATION, APPELLANT.—178 S. W. (2d) 824.

Kansas City Court of Appeals.   January 31, 1943.

*Charles L. Carr, Watson, Ess, Groner, Barnett & Whittaker* and *Douglas Stripp* for appellant.

*O. H. Swearingen* and *Smith F. Brandom* for respondent.

CAVE, J.—This is an action by respondent, plaintiff below, to recover damages for alleged personal injuries. Verdict and judgment in her favor, and appellant, defendant below, appealed.

Plaintiff's injuries were caused by collision between an automobile ·driven by her and one of defendant's street cars. The collision occurred· at the intersection of Prospect and Linwood Boulevard on January 18, 1940. Linwood Boulevard is sixty feet wide from curb to curb, and Prospect is forty-eight feet wide. There are double street car tracks in the center of Prospect. Plaintiff was driving her automobile northward on Prospect, approaching the intersection and de-

fendant's street car was traveling south on Prospect and approaching the intersection.

The petition alleged various grounds of primary negligence and also humanitarian negligence. The answer denied generally, and also alleged that plaintiff's injuries were directly caused and contributed to by certain specific acts of negligence and ordinance violations on the part of the plaintiff. The case was submitted by Instruction 1 solely on the humanitarian doctrine. The instruction directs a verdict for plaintiff if defendant's operator could, but did not, slacken speed, *or stop,* or give warning in time to avoid the collision after plaintiff was in a position of peril. The negligence in failing to slacken, or stop or warn is submitted in the disjunctive. It is defendant's contention that the instruction is erroneous because there was no evidence to support the charge of negligence that defendant's operator could have stopped the street car after plaintiff was in a position of peril. The three elements of negligence being submitted in the disjunctive, if there is no evidence to support any one of the three, then the instruction is erroneous because it cannot be determined on which ground the jury returned its verdict. [Hutchison v. Thompson (Mo.), 175 S. W. (2d) 903, 911; Whitehead v. Fogelman, 44 S. W. (2d) 261, 263; 1 Raymond on Instructions, sec. 70.]

Plaintiff's evidence is to the effect that she was driving her motor car north on Prospect toward Linwood Boulevard. It was a very cold day, the temperature below zero. The ground was covered with about four inches of snow. She first saw defendant's southbound street car when it was about 285 feet north of the north line of Linwood, and that it was traveling about twenty miles per hour. She was driving her car east of the center of Prospect and when she was about 133 feet south of the south line of Linwood, she turned her car sufficiently to the left to bring her two left wheels about the center of the east street car tracks or the tracks on which a northbound street car would be traveling. She continued to drive in that position directly north until she had reached the center of Linwood, when she turned to her left to go west on Linwood. When the front end of her car had gotten three or four feet west of the west track of the southbound street car track, the collision occurred. She gave no signal of her intention to turn.

She had watched the street car from the time she first saw it until the collision, and estimated its speed at all times from twenty to twenty-five miles per hour. Her witnesses generally estimated the speed of the street car at about twenty miles per hour. When she begun making the turn to the left, she said the street car was then sixty to seventy feet from her and that thereafter her car travelled about seventeen and one-half feet diagonally to the northwest before the collision. There was other evidence to the effect that no warning

was given by the operator and that the street car did not slacken speed; and that plaintiff thought the car would stop north of Linwood to receive passengers who were waiting; and also the position of her car after the collision. But such evidence is not material in considering the first error assigned to Instruction 1.

No witness testified as to the distance in which this street car, or any street car, could be stopped at the speed asserted by plaintiff under conditions prevailing at the time.

In her brief plaintiff, in effect, concedes that she had no evidence tending to prove the distance in which the street car could have been stopped, under the conditions and circumstances then and there existing, after she was in a position of peril, and states that her answer to that criticism of the instruction is, "that defendant supplied that information and since it is not contradictory of plaintiff's theory or of her testimony, she had a perfect right to take advantage of defendant's evidence." That is a correct statement of the law if the record will support plaintiff's contention.

The pertinent part of defendant's evidence on the point now under discussion as given by the motorman and other eye witnesses is to the effect that the street car approached this intersection at from five to eight miles an hour and that it entered the intersection at about five miles per hour, but when the brakes were released it increased its speed slightly to about eight miles per hour after entering the intersection; and that plaintiff suddenly turned her automobile in front of the street car and that the operator immediately applied the emergency brakes and brought the car to a stop in about sixteen or seventeen feet. That from the time she started to make the turn until the collision, the street car travelled only about ten feet. Defendant's evidence also disagreed with plaintiff as to where the collision occurred, placing it within about ten feet of the south curb of Linwood, while plaintiff said it occurred north of the center of Linwood.

We do not see how defendant's evidence can aid the plaintiff on the question now under consideration. The fact that the operator did bring the street car to a stop within sixteen or seventeen feet, travelling at five to eight miles an hour is no evidence of the distance in which it could be stopped travelling, as plaintiff says, from twenty to twenty-five miles an hour. It seems clear that the theories of plaintiff and defendant are at war on every essential fact on the question of whether the street car could have been *stopped* in time to have avoided the collision after plaintiff was in a position of peril. Almost this identical situation was discussed and decided by the Supreme Court in the case of Elkin v. St. Louis Public Service Company, 335 Mo. 951, 74 S. W. (2d) 600. Because the language is so pertinent, we quote from l. c. 958:

"Plaintiff is entitled to the benefit of any evidence offered by defendant which tends to support his theory of the case, and is con-

sistent with his own testimony, but he cannot claim the benefit of any of defendant's evidence which contradicts his own testimony and is at war with his own theory of the case. Plaintiff tried his case on the theory that the speed of the street car was twenty-five or thirty miles per hour. He so testified, but he failed to offer any evidence as to the distance in which the car could have been stopped going at twenty-five or thirty miles per hour, and for that reason he failed to make a case under the charge that the collision could have been avoided by stopping the car after the peril arose. Having thus failed to make a case, he will not be permitted to disregard his own evidence as to the rate of speed the car was traveling, as being untrue. and recover on the theory that the car was traveling at ten miles per hour, and at that rate of speed it could have been stopped within twenty or forty feet.''

This court has likewise so held in the two recent cases of Ashbrook v. Willis, 231 Mo. App. 460, 100 S. W. (2d) 943, 945; and Putnam v. Unionville Granite Works, 122 S. W. (2d) 389, 391. Many other cases could be cited to like effect, but these are sufficient.

It must be kept in mind that plaintiff was not in a position of peril as she approached and entered the intersection because she was then driving her car to the right of the center of the street, and if she had continued directly northward as she was driving, she would have passed the street car with safety. She testified positively that she saw the street car at all times and the motorman testified he saw her car approaching in the position in which she says it was for a distance of from 250 to 300 feet, all of which time she was in a position of safety. Therefore, he owed her no duty under the humanitarian doctrine, until he saw or by the exercise of ordinary care should have seen her in a position of peril. That is when his duty arose. [Phillips v. Henson, 326 Mo. 282, 30 S. W. (2d) 1065, 1067; Hagerman v. Rodgers, 101 S. W. (2d) 526, 528.] It is unnecessary for us to discuss whether plaintiff's peril arose when she made the left turn or only after she had travelled the three or four feet necessary to reach the path of the street car, because the record in this case is utterly silent as to defendant's ability to stop the street car in time to avoid the collision in either event.

It must be held that Instruction 1 was erroneous for the above reason.

There is no question of obliviousness in this case, because the plaintiff testified she saw the street car at all times, and while Instruction 1 requires a finding of obliviousness, we will not discuss that question because no such error is assigned or discussed in the briefs.

The defendant also charges error in the concluding or ''even though'' clause of Instruction 1, because it advised the jury that plaintiff would be entitled to recover even though plaintiff negligently got

into a place of danger, because the language used was broad enough to be in conflict with a proper sole cause instruction. The clause criticized reads: ". . . then your verdict should be for the plaintiff and against the defendant, and *this you shall do even though you may find from the evidence that plaintiff negligently got into a place of danger, if so, of being struck by the street car mentioned in the evidence.*" (Italics ours.)

Defendant cites in support of this contention the cases of Flaspoler v. Kansas City Public Service Company, 170 S. W. (2d) 141; Smithers v. Barker, 341 Mo. 1017, 111 S. W. (2d) 47, and Thomas v. Stott, 114 S. W. 142. The Flaspoler and Thomas cases support defendant's contention, but the Smithers case, as later construed by the Supreme Court in opinions later to be noted, is not applicable to the present instruction. The Flaspoler and Thomas cases were decided by this court before the opinion of the Supreme Court was handed down in Bowman v. Standard Oil Company, 169 S. W. (2d) 384.

The body of plaintiff's instruction in the instant case required the jury to find that the operator of defendant's street car could have stopped or slackened the speed or given a warning of its approach after the plaintiff was in a position of imminent peril, and thereby avoided the collision, but failed so to do, "and that as a direct result thereof negligently ran into and against said automobile and injured plaintiff . . ." In State ex rel. Snider v. Shain et al., 137 S. W. (2d) 527, 530, the Supreme Court en banc held that language of similar import did not conflict with a *sole cause* instruction, but would be the converse thereof, and that an "even though" clause which was as broad if not broader than the one in the instant case, was not erroneous because of being in conflict with a "sole cause" instruction. The last pronouncement of the Supreme Court on this question is found in Bowman v. Standard Oil Company, *supra*. There the court construes the Smithers case to mean that the "even though" clause was erroneous merely because it unduly widened or extended the danger zone. That contention is not made in this case. The instruction under consideration in the Bowman case was to the effect, l. c. 387, "that defendants could have but failed to stop to avoid the collision and injuries; that such failure constituted negligence; that such negligence was a direct and proximate cause of the collision and injuries and concluded 'then your vedict should be in favor of the plaintiff and against the defendants herein, and this is true even though you may further find and believe from the evidence that plaintiff's husband, Charles Bowman, was guilty of negligence in getting said Nash automobile into the aforesaid position of imminent peril, if any.' " The court reviews the recent authorities in this State on this question, beginning with the Smithers case, and holds that such an "even though" clause is not erroneous as being in conflict with the "sole cause" instruction because in the main body of the instruction,

the jury is required to find the defendant was negligent in certain particulars and that such negligence was a direct and proximate cause of the injuries. Therefore, if the jury found that the injuries were the *direct result* of defendant's negligence, they couldn't find that they were due to the sole negligence of plaintiff. In other words, such an instruction would not be in conflict with or prevent defendant from submitting a *sole cause* instruction, if the evidence warranted. We must follow the most recent decisions of the Supreme Court on this question. This conclusion is supported by an opinion of this court in Robards v. Kansas City Public Service Company, decided concurrently herewith. The opinions of this court on this point, in the Flaspoler and Thomas cases, *supra,* should no longer be followed.

Plaintiff's instruction in the instant case does not clearly require the jury to find that defendant's negligence, if any, was the direct and proximate cause of the collision and injuries, although that is the effect, but as the case must be retried, the wording of the instruction could be improved in that particular.

We have discussed and decided the only two errors assigned.

For the reason that plaintiff's instruction submitted, in the disjunctive, a ground of negligence unsupported by any evidence, the cause must be reversed and remanded. It is so ordered. *Bland, J.,* concurs; *Shain, P. J.,* absent.