## Richardson et al. v. Duff.

April 30, 1946.

L. A. White and Reid Prewitt for appellants.

W. C. Clay, Jr., and John E. Howe for appellee.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

This is an action for an alleged violation of the Fair Labor Standards Act of 1938, 29 U. S. C. A. sec. 201 et seq.

Appellee was employed by appellant as a truck driver in October, 1938, and continued in this employment until June, 1941, when he was discharged. His salary was $12 per week and his average work week was from 62 to 70 hours.

Judgment was entered for the employee for the minimum prescribed by Section 6 of the Fair Labor Standards Act, but no recovery was granted on account of overtime. This judgment was entered pursuant to the findings of a special commissioner appointed by the court to determine the amount due. In addition to the judgment of $556.10, which included liquidated damages specified in the act, the court allowed the employee's attorney a fee of $150. The employer appeals.

The principal argument for reversal is that the Fair Labor Standards Act does not apply to this company because it operated its trucks as a private carrier in the furtherance of its wholesale grocery business. The company is admittedly engaged in interstate commerce, its trucks being operated in Kentucky, Tennessee, Indiana, and Ohio.

Appellant's argument is grounded on Section 13 (b) of the Fair Labor Standards Act which provides that the provisions of Section 7 of that Act shall not apply with respect to any employee with respect to whom the Interstate Commerce Commission has power to establish maximum hours of service pursuant to the Motor Carrier Act of 1935, 49 U. S. C. A. sec. 304.

If recovery had been allowed for overtime, under the provisions of Section 7 of the Act, this provision would be a defense to the action, but, as pointed out above, no recovery was claimed or allowed for overtime under Section 7. Recovery was allowed only for the minimum wages established by Section 6 of the Act.

Since the exemption provision referred to exempts employers engaged in this type of operation only from the provisions of Section 7, and not from the provisions of Section 6, it is at once apparent that this does not affect the employee's right to recover such minimum wages. Therefore, we hold that the employee was entitled to the minimum wages as set forth in Section 6 of the Act. See Plunkett v. Abraham Bros. Packing Company, Inc., 6 Cir., 129 F. 2d 419; DeLoach et al. v. Crowley's Inc., 5 Cir., 128 F. 2d 378, and Walling v. Mutual Wholesale Food & Supply Co., D. C., 46 F. Supp. 939, affirmed, 8 Cir., 141 F. 2d 331.

The other ground for reversal is that the oral testimony for the employee will not prevail against the records of the employer.

There is ample evidence to support the finding of the special commissioner and the judgment of the lower court.

Some six witnesses were called to support the allegations of the petition, including two officers of the employer. From the testimony of these officers it seems that they are not certain as to the accuracy of their company's records. At any rate, it is sufficient to say that the judgment is supported by substantial evidence, and we are not at liberty to upset it.

The allowance made to the attorney for the employee is reasonable. Indeed no complaint is made as to this item.

The judgment is affirmed.