**Ex parte Trinidad CASTANEDA, Applicant.**

**No. 69438.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 16, 1985.

Ron Barroso, Corpus Christi, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

WHITE, Judge.

This proceeding involves an application for writ of habeas corpus pursuant to Art. 11.07, V.A.C.C.P.

Applicant was indicted for the offense of murder in Kleberg County. He was found guilty and sentenced by a jury to twenty years confinement in the Texas Department of Corrections. His conviction was affirmed by the Corpus Christi Court of Appeals in an unpublished opinion.

In his amended application for writ of habeas corpus, applicant alleges there is no finding by the court *or* jury that a deadly weapon was used and prays the Department of Corrections be notified that his good conduct time should be considered in computing the date of his release. See Art. 42.12, §§ 15(b) and 3f(a)(2), V.A.C.C.P.

Applicant is making an assertion of fact that is not only unsupported but

**618**

appears affirmatively to the contrary in the record. In a post-conviction collateral attack, the burden is on the applicant to allege *and* prove facts which, if true, entitle him to relief. *Ex parte Maldonado*, 688 S.W.2d 114, at 116 (Tex.Cr.App.1985). Since the certified copy of the judgment before us affirmatively states a firearm was used, we find the alleged error without merit.

Applicant cites *Barecky v. State*, 639 S.W.2d 943 (Tex.Cr.App.1982), for the proposition that the court may not make an affirmative finding in the absence of such a finding by the jury.

The indictment reads in relevant part:

"in the County and State aforesaid, did then and there, intentionally cause the death of Juan Campos, by shooting him with a firearm...."

The verdict of the jury reads in relevant part:

"We, the jury, find the defendant, Trinidad Castaneda, guilty of the offense of murder as charged in the indictment."

The trier of fact, the jury, made an affirmative finding that the applicant used a deadly weapon during the commission of the offense when they returned their verdict finding the applicant guilty of murder as charged in the indictment. The judgment properly reflects this finding.

■ In *Polk v. State*, 693 S.W.2d 391 (Tex.Cr.App.1985), this Court held the trial court may properly find that the jury made an affirmative finding in three instances. Those three instances are: (1) the deadly weapon or firearm has been plead as such; (2) the deadly weapon is not plead as such, but is a deadly weapon per se or a firearm; or (3) a special issue is submitted and answered affirmatively.

The case at bar involves application of the first aforementioned situation in that applicant was convicted of murder where "firearm" was plead in the indictment. After the jury verdict, the following was typed at the bottom of the judgment:

"The Court finds there was a firearm in this offense."

A firearm is a deadly weapon per se. V.T. C.A., Penal Code § 1.07(a)(11)(A). *Williams v. State*, 567 S.W.2d 507 (Tex.Cr. App.1978); *Giles v. State*, 617 S.W.2d 690 (Tex.Cr.App.1981); *Polk v. State*, supra. The reasoning in *Barecky*, supra, is distinguishable because that case dealt with a knife, which is not per se, a deadly weapon, and under *Polk*, supra, a non per se deadly weapon must either be plead as such (using "deadly weapon"), or submitted as a special issue and answered affirmatively.

■ Since the jury convicted applicant of using a firearm in the commission of murder, we hold, as a matter of law, they affirmatively found a deadly weapon was used. Any error of the trial court in not stating that the applicant actually used or exhibited a deadly weapon is, *in this limited instance*, harmless, since the applicant was indicted as the principal offender and found guilty as such.

Finding no error, applicant's application for writ of habeas corpus is denied.

CLINTON, MILLER and CAMPBELL, JJ., concur in the result.

TOM G. DAVIS, J., not participating.