Opinion issued May 3, 2007










 











In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00949-CR






WILLIAM DOYLE EDENFIELD, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 1028443









MEMORANDUM OPINION


 Appellant, William Doyle Edenfield, was charged by indictment with the
offense of sexual assault of a child. (1) Appellant pleaded no contest without an agreed
recommendation. After a presentence investigation report was prepared, the trial
court found appellant guilty of sexual assault of a child and assessed punishment at
five years' confinement. 

 On appeal, appellant's court-appointed counsel filed a motion to withdraw and
filed an Anders brief stating that he has not found arguable grounds for appeal. (2) 
Appellant filed a pro se response, asserting three issues that he believed constituted
arguable grounds for appeal: (1) there was no physical evidence corroborating the
complainant's allegations, (2) the State made inflammatory remarks in its closing
argument during the sentencing phase that prejudiced the trial court in assessing
punishment, and (3) his trial counsel failed to request a "reduction to the lesser
offense of indecency with a child."

 We affirm.

 


Anders Procedure

 Under Anders, when court-appointed counsel files a motion to withdraw and
files a brief in which he concludes that there are no arguable grounds for appeal, we
review the record and make an independent determination. See Anders v. California,
386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); Bledsoe v. State, 178 S.W.3d 824,
826 (Tex. Crim. App. 2005); Mitchell v. State, 193 S.W.3d 153, 155 (Tex.
App.--Houston [1st Dist.] 2006, no pet.). We consider any pro se response appellant
may file to the Anders brief, but we do not rule on the ultimate merits of his response. 
Bledsoe, 178 S.W.3d at 826-27; Mitchell, 193 S.W.3d at 155-56. If we determine
from our independent review of the entire record that the appeal is wholly frivolous,
we may affirm the trial court's judgment by issuing an opinion in which we explain
that we have reviewed the record and have found no reversible error. Bledsoe, 178
S.W.3d at 826-27; Mitchell, 193 S.W.3d at 156. If we find arguable grounds for
appeal, we abate the appeal, remand the case to the trial court, and allow the court-appointed attorney to withdraw. Bledsoe, 178 S.W.3d at 827; Mitchell, 193 S.W.3d
at 156. The trial court then must either appoint another attorney to present all
arguable grounds for appeal or allow the defendant to proceed pro se if he desires. 
Bledsoe, 178 S.W.3d at 827; Mitchell, 193 S.W.3d at 156.


Analysis

 Here, appellant's counsel filed a brief stating that he has diligently reviewed
the record and that, in his opinion, the appeal is wholly without merit. See Anders,
386 U.S. at 744, 87 S. Ct. at 1400; Mitchell, 193 S.W.3d at 154. In his brief, counsel
presented a professional evaluation of the record and explained why there are no
arguable grounds to advance. See High v. State, 573 S.W.2d 807, 811-12 (Tex. Crim.
App. 1978); Mitchell, 193 S.W.3d at 156. In addition, counsel presented a
chronological summation of the procedural history of the case and further stated that
counsel is unable to raise any arguable issues for appeal. See High, 573 S.W.2d at
813. 

 In accordance with Anders and Bledsoe, we have reviewed counsel's brief and
appellant's pro se response, and we have conducted an independent examination of
the record. See Anders, 386 U.S. at 744, 87 S. Ct. at 1400; Bledsoe, 178 S.W.2d
826-27; Mitchell, 193 S.W.3d at 155. We conclude that no reversible error exists. 






Conclusion We affirm the judgment of the trial court and grant appellant's counsel's
motion to withdraw. (3)

 



 Laura Carter Higley

 Justice



Panel consists of Justice Nuchia, Keyes, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).





1. [1] See Tex. Pen. Code Ann. § 22.011(a)(2)(C) (Vernon Supp. 2006). 
2. [2] Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967).
3. 3 Appellant's counsel maintains a duty to inform appellant of the result of this appeal
and of the fact that he may, on his own, pursue discretionary review in the Court of
Criminal Appeals. See Bledsoe v. State, 178 S.W.2d 824, 827 & n.6 (Tex. Crim. App.
2005); Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997); Stephens v. State,
35 S.W.3d 770, 771-72 (Tex. App.--Houston [1st Dist.] 2000, no pet.).