Opinion issued May 17, 2007







 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00261-CR






FRANK BERNARD VINSON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 228th District Court 

Harris County, Texas

Trial Court Cause No. 1014454






MEMORANDUM OPINION


 The jury found appellant, Frank Bernard Vinson, guilty of possession with
intent to deliver a controlled substance (cocaine) weighing more than 4 grams but less
than 200 grams. See Tex. Pen. Code Ann. § 481.112(a), (d) (Vernon 2003). 
Appellant pleaded "true" to an enhancement paragraph, and the jury assessed
punishment at 23 years in prison. 

 Appellant's court-appointed counsel has filed a motion to withdraw and
submitted a brief stating that the appeal is without merit and wholly frivolous. 
Counsel also stated that, in his professional opinion, "there are no grounds upon
which an appeal could be predicated." See Anders v. California, 386 U.S. 738, 744,
87 S. Ct. 1396, 1400 (1967). Appellant filed a pro se response, raising the following
points: (1) the evidence is legally and factually insufficient to support his conviction;
(2) the trial court erred by denying his motion to suppress; and (3) he received
ineffective assistance of counsel at trial. (1)

 We affirm. 

Anders Procedure


 Pursuant to Anders, when court-appointed counsel files a motion to withdraw
and files a brief in which he concludes that there are no arguable grounds for appeal,
we review the record and make an independent determination. See Anders v.
California, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing
court--and not counsel--determines, after full examination of proceedings, whether
case is "wholly frivolous"); accord Bledsoe v. State, 178 S.W.2d 824, 826 (Tex.
Crim. App. 2005); Mitchell v. State, 193 S.W.3d 153, 155 (Tex. App.--Houston [1st
Dist.] 2006, no pet.). We consider any pro se response appellant may file to the
Anders brief, but we do not rule on the ultimate merits of his response. Bledsoe, 178
S.W.3d at 826-27; Mitchell, 193 S.W.3d at 155-56. If we determine from our
independent review of the entire record that the appeal is wholly frivolous, we may
affirm the trial court's judgment by issuing an opinion in which we explain that we
have reviewed the record and have found no reversible error. Bledsoe, 178 S.W.3d
at 826-27; Mitchell, 193 S.W.3d at 156. 

 If we find arguable grounds for appeal, we abate the appeal, remand the case
to the trial court, and allow the court-appointed attorney to withdraw. Bledsoe, 178
S.W.3d at 826-27; Mitchell, 193 S.W.3d at 156. The trial court then must either
appoint another attorney to present all arguable grounds for appeal or allow the
defendant to proceed pro se if he desires. Bledsoe, 178 S.W.3d at 826-27; Mitchell,
193 S.W.3d at 156.

Analysis

 Here, the brief filed by appellant's counsel meets the minimum Anders
requirements by presenting a professional evaluation of the record and stating why
there are no arguable grounds for reversal on appeal. See Gainous v. State, 436
S.W.2d 137, 138 (Tex. Crim. App. 1969). Appellant's counsel indicates that he has
diligently reviewed the record and that, in his opinion, the appeal is without merit and
wholly frivolous. See Anders, 386 U.S. at 744, 87 S. Ct. at 1400; Mitchell, 193
S.W.3d at 154. In so doing, counsel discusses the evidence adduced at the trial,
supplies us with references to the record, and provides us with citation to legal
authorities. Cf. High v. State, 573 S.W.2d 807, 811 (Tex. Crim. App. 1978)

 We have reviewed counsel's brief and appellant's pro se response, and we have
conducted an independent examination of the record. See Anders, 386 U.S. at 744,
87 S. Ct. at 1400; Bledsoe, 178 S.W.2d 826-27; Mitchell, 193 S.W.3d at 155. Based
on this review, we conclude that no reversible error exists.




Conclusion


 We affirm the judgment of the trial court and grant the motion to withdraw of
appellant's counsel. (2)





 Laura Carter Higley

 Justice


Panel consists of Chief Justice Radack and Justice Keyes, and Higley.


Do not publish. Tex. R. App. P. 47.2(b).

1. The State waived its opportunity to file a reply to the arguments presented in
appellant's pro se response.
2. Appellant's counsel maintains a duty to inform appellant of the result of this appeal
and of the fact that he may, on his own, pursue discretionary review in the Court of
Criminal Appeals. See Bledsoe v. State, 178 S.W.2d 824, 827 & n.6 (Tex. Crim. App.
2005); Stephens v. State, 35 S.W.3d 770, 771-72 (Tex. App.--Houston [1st Dist.]
2000, no pet.).