1600-14   1601-14   1602-14

In The

Court of Criminal Appeals

Austin, Texas

ORIGINAL

---

No. 09-13-00467-CR
No. 09-13-00468-CR
No. 09-13-00469-CR

---

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 19 2015

Abel Acosta, Clerk

WILLIE EUGENE HARDEMAN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause Nos. 10-10378, 10-10380, 10-10382

APPELLANT'S MOTION FOR REHEARING

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Comes now, Willie Eugene Hardeman, Appellant Pro se, submits this motion for rehearing in response to the Court refused Appellant's Pro Se petition for discretionary review on Aprial 22, 2015, and requests that the Court consider the following issues:

I.

On April 22, 2015, this Court refused to hear Appellant's three convictions for aggravated Robbery and aggravated Kidnapping and Burglary of a habitation, petition for discretionary review. In refusing to consider hearing Appellant's Pro Se petition for discretionary review, the Court erred.

Motion for Rehearing - Page 1.

FILED IN
COURT OF CRIMINAL APPEALS

JUN 19 2015

Abel Acosta, Clerk

The Courts are bound by authority (below) to construe inmate Pro se Pleadings liberally. In other words, Pro se motions, pleadings should be looked at by the Courts by giving Pro se Petitioners a lot of latitude by over-looking mistakes, noncompliance with Rules of Procedure, etc. See, Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173 (1980), citing Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594 (1972).

## II.

Pursuant to Texas Rules of Appellate Procedure, Rule 79.1, 79.2(a, c), Appellant bring this Motion due to substantial intervening circumstances which are specified in his Motion; Certifies that the Motion is so grounded and that the Motion is made in good faith and not for delay.

## III.

### Ground One

Whether Defendant was capable of understanding one's position as a criminal defendant and the nature of the criminal proceedings and able to participate in one.s defense?

In this first ground, Appellant urged this Court to reverse his convictions because the trial court denied Appellant the right to a fair trial, and the right to a jury trial, in that; The defense counsel was deficient in his trial court performance. The Court: "What is the offer, for the record?" (13, 14: R.R). The Court: "Do you accept or reject that offer of 10 years? The Defendant: No, Sir, I didn't do nothing. The Court: You reject it?" The Defendant: Yes." (R.R. 24, 4).

Brief Recess, 36 minutes (R.R. 9-10). The offering found by the prosecutor's pationale for offering a plea bargain for probation to be questionable. Here, it is recognized that the plea bargaining process was driven largely by the relative merits of the factual and legal basis for the (offenses) prosecutions. However, questioning the propriety, and rightly so, the two aspects of this process:

1.    One was the failure of the prosecution to dismiss the cases that could not be proven. 2. Second was the desire to use probation to achieve, ultimately, what could not have been achieved in a jury's original prosecution, trial.

In this case the prosecutors believed that they (he) could not prove the cases as charged, but could not, or would not, dismiss the charges. Usually, the trial prosecutor have to obtain permission from a superior in order to dismiss a case. Apparently, that permission was not forthcomming as a matter of policy. Instead, the prosecutor made a plea bargain offer of probation in exchange for a plea of guilty to the offenses, after brief recess (R.R. 9-10). That offer left Appellant with a very diffecult choice, without trial counsel advise. The Appellant had been in jail for a long time (18 months) and was anxious to be reliesed. With the risk of being found guilty of those offenses and convictions resulting in sentences so great, the oppotunity to be on probation was so great, too good to pass up.

Appellant is poor and is in a wheelchair, paralyzed on his right side from the bottom of his feet to the top of his head, speech impairment, and ignorant, with little or no understanding of the prosecution and trial process. The Appellant here is innocent, or at least with a gaod self defense or justification claim. Sones v. Hargett, 61F.3d 410, 418; Smith v. Collins, 977F2d 951-59)The Question: Why the prosecution would not dismiss the cases when it believed that it could not prove the cases, or when there was a compelling circumstance of justification. After all, it is the duty of the prosecutor to see that justice is done, not simply to secure a conviction. (Case omitted). Can it be justice to prosecute cases when knowing the evidence is insufficient? Was it assumed by the prosecution: to day "I know or think or believe that Appellant is guilty so he is not going to get a "free pass" on these casae despite the lack of evidence.

Any of the foregoing answers are fraught with ethical issues:

WHETHER THE PROSECUTOR ACTED AS JUDGE AND JURY OR
WHETHER THE JUDGE ACTED AS PROSECUTOR AND JURY BY
DECIDING THAT HE OR SHE "KNOWS" WHAT IS RIGHT?

WHETHER THE PROSECUTOR OR JUDGE ALLOWED POLITICAL
CONSIDERATIONS TO OVERRIDE HIS OR HER JUDGMENT, AND
ETHICS, AS A LAWYER?

WHETHER THE PROSECUTOR AND OR JUDGE ELEVATED THE
FORM OF POLICY OVER FACTUAL AND LEGAL SUBSTANCE?

Appellant allege in support; Ex parte Hayward, 711 S.W.2d 652 (Tex. Cr. App. 1986). It is the courts duty to observe, not to disregard statutory provisions. Dodd v. State, 83 Tex. Cr. R. 160, 201 S.W.2d 1014, 1018 (1918). Courts can neither ignore nor emasculate the statutes. Seefurth v. State, 422 S.W.2d 931 (Tex. Cr. App. 1967). Further, courts have no power to create an exception to a statute, cf. Bain v. Smith, 97 S.W.2d 353 (Tex. Civ. App. - San Antonio 1936), nor do they have power to add to or take from Legislative pains, penalties and remedies. Ex parte Hughes, 133 Tex. 505, 129 S.W.2d 270 (1939). That which the Legislature has made mandatory in a penalty statute, if not complied with, cannot be softened dpwn to a mere technicality. Hutson v. Smith, 191 S.W.2d 779 (Tex. Civ. App. -Galveston 1946). It is for the Legislature, not the Court, to remedy defects or supply deficiencies in the laws, and to give relief from unjust and unwise Legislation. Board of Insurance Com's of Texas v. Guardian Life Ins. Co., of Texas, 142 Tex. 630, 180 S.W.2d 906 (1944). Still good law.

In the Dodd v. State, supra, 201 S.W.2d at pg. 1018, this Court wrote:
"The duty of the courts is to observe atatutory provisions.
It does not lie with them to arbitrarily disobey them. Bishop v. State,
[81 Tex. Cr. R. 96], 194 S.W.2d 389. The rights of the public and the
citizen are best protected by an observance of the law as it is written
where it does not overstep constitutional provisions. If hardship or
injustice result in individual cases, the remedy is not the courts, but
lies in the hands of those vested with the right to exercise executive
clemency." At page 656.

Motion for Rehearing - Page 4.

In the case of; Ruiz v. Estelle, 679 F.2d 1115 (1982), Headnote 3: The Constitutional Law Key 3992 - 3998. Constitutional guarantee of due process of law ordains fair trial, and trial judge must not become "personally embroiled" in proceedings, he must not assume role of prosecutor or defender and he must avoid even appearance of favoring one side: however, only when the judge's conduct strays from neutrality, as to this Appellant, is defendants thereby denied fair trial as required by Constitution U.S.C.A. Const. Amends. 5, 14.

DURESS AND COERCION:

Appellant was unlawfully threated in-directly and coerced, or coercion was used by the judge, Honorable Layne Walker, and Perry Thomas, Assistant District Attorney, and including my court-appointed trial attorney, Thomas J. Burbank, to act (or to refrain from acting) in a manner I otherwise would not. Subjecting me to improper pressure which overcome my will and coerced me to comply with demands to which I would not yield if acting as my free agent. See, Garrity v. State of New Jersey, 87 S. Ct. 616 (1967). Application of such pressure or constraint as was compeled made Appellant go against his will, and taken away his free agency, destroying power of refusing to comply with unjust demands.

Appellant will try and explain (state) in determining whether his plea of guilty (confession) was voluntarily given, the Court must consider the totality of the circumstances established, citing McCrory v. State, 643 S.W.2d 725, 734 (Tex. Crim. App. 1982), in that court the determination is made, as it must be, upon the totality of the circumstances established 643 S.W.2d, at 734; Deleon v. State, 684 S.W.2d 774 (Tex. App. 1984). Appellant's coerced guilty plea is not admissible where it is obtained as a result of a benefit positively promised to Appellant. The promise was made and approved by the Trial Judge and prosecutor, and Appellant's court appointed counse, and it was of such a

Motion for Rehearing - page 5.

charater that it influenced Appellant to speak untruthfully, incriminating himself, resulted in being convictions. Hardesty v. State, 667 S.W.2d 130, 134 (Tex. Crim. App. 1984). The Texas Rule, was adapted from Malloy v. Hogan, 378 U.S. 1, 84 S. Ct. 1489, 12 L.Ed.2d 653 (1964). The United States Supreme Court applied to all state prosecutions this Rule, which says, in effect, that a confession (guilty plea) must be free and voluntary and not obtained by way of any sort of trheats or violence, nor by way of direct or implied promises, However slight, nor by the exertion of any improper influence. See also Robert V. State, 545 S.W.2d 157, 160-161 (Tex. Crim. App. 1977). "Whether Appellant was deprived of his free choice to admit, deny, or refuse to answer, 87 C. St. 616, 618, 17 L.Ed.2d 568, supra.," (coerced, and Fourteenth Amendment prohibited use.

Furthermore, Appellant's attorney had a duty to make sure I, the client, Appellant feels confident that I received competent, committed, and diligent representation if I, defendant choosed to go to trial. Appellant's defense lawyer had the duty to make sure I, the client, understood all that would be required of him if I acceptes the probation offer. Otherwise, I became a victim; the relinguishment of my right to require the State to prove its cases and allegations to a kury, beyound a reasonable doubt.

The Appellant here alleged to have committed these offenses, is the Kidnapped victim, now, and at the time of crime. The Appellant is the aggrieved party, whereas the indictment alleged Appellant as the principal when he was being kidnapped, and force to do and act beyound his control. When Appellant was found guilty as being the principal to the offenses ant there was no evidence that he personally used or exhibited a deadly weapon during the commission of the offenses, nor was he a party, and mere present do not make Appellant a party. Law Dictionary:INNOCENT PARTY. (16c): A party who did not consciously of intentionally participate in an (the) event or transaction.

In the indictment alleging use of a deadly weapon per se and the defendant was found guilty as alleged in the indictment, the court may enter an affirmative finding, [Ex parte Castaneda, 697 S.W.2d 617-618 (Tex. Crim. App. 1985)]. But affirmative findings must be made in the offense judgment and cannot be added to the sentence or order revoking the probation after the probation is revoked. [Ex parte Shaw, 724 S.W.2d 76-77 (Tex. Crim. App. 1987)]. That the Appellant was convicted of three offenses arising out of a single transaction [Ex parte Ellison, 699 S.W.2d 218, 219 (Tex. Crim. App. 1985)].

## IV.

### Ground Two

In The Court of Appeals Ninth District of Texas, in the cases cited and alleged, this Court of Appeals erred; in that, it concluded that it was no grounds of errors for the appeal. This Court erred by agreeing with trial court, respectively. "In each case, the trial court found the evidence sufficient to substantiate Hardeman's deferred guilt." First of all, Appellant's Petition for Discretionary Review should have been reversed on the ground of Judge Layne Walker, of 252nd District Court, Jefferson County, presided over granting Appellant probation of the sentences; the same judge presided who had granted probation previously, revoked the probation. See, Texas Code of Criminal Procedure Art. 30.01. The Court of Criminal Appeals conducted an analysis of the Statute, Court of Criminal Appeals interprets the opening cause of Art. 30.01 to mean that a trial court judge, in any particular prosecution, "maybe the party injured," and is therefore disqualified from presiding, if tje evidence shows that the judge need not be named in the indictment as victim to be disqualified from presiding over trial. Whitehead v. Stats, 273 S.W.2d 285 (Tex. Crim. App. 0713-07, 6/25/08).

---

Motion for Rehearing--Page 7.

The Court of Appeals Ninth District of Texas, further erred when saying that it do not have to look at either brief, Anders brief or pro se responses. Citing <u>Bledsoe v. State</u>, 178 S.W.2d 824, 826-27 (Tex. Crim. App. 2005). This, the Court of Appeals, failed: In that, it could not have viewed the records to find it conclusion, in that: (1) the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the records and finds no reversible error.

The trial Court granted the appeal attorney's motion to withdraw, and this, The Court of Appeals failure to recognize the error, both courts erred in adhering: to give support; maintain loyalty. The Court Appointed appeal attorney who wanted to withdraw from the cases on appeal based on a brief that the brief was frivolous. In an Anders brief, the attorney seeking to withdraw MUST identify anything in the records that that might arguabley support the appeal. The trial court should then decide whether the appeal is frivolous and whether the Appellant's appeal attorney should be permitted to withdraw. Citing, <u>Anders v. Cslifonia</u>, 386 U.S. 738, 87 S. Ct. 1396 (1967).

"Anders requires an attorney to assume two somewhat contradictory roles when filing a no - metit brief. The first, and, most important, role is that of an advocate. <u>Anders</u> makes clear that the first duty of appellant counsel is to study the record and to consult with the defender to ascertain whether there is anything in the record to support an appeal. Counsel should not consider the case with a view toward finding no merit or of acting as a neutral party. Only if counsel can find no issue of event arguable merit does he change hat and become an amicus curiae."

The trial court erred and the Court of Appeals Ninth District erred, in failing to recognized Rule 11, Federal Rules of Civil Procedure (Texas Rules of Courts) Vol. II Federal.

Motion for Rehearing - Page 8.

Signing pleadings, motions, and other papers; representations to the court; sanctions.

(a)    Signsture. Every pleading, written motions, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, a and telephone number. Unless a rule or statute specifically state otherwise, a pleading need not be verified or accompanied by an affidavit. The Court must strike an unsigned paper unless the omission is properly corrected, after being called to the attorney's or party's attention.

(b)    Representations to the Court. By presenting to the courts a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquire reasonable under the circumstances:

Texas Code Annotated:    See §9.011 Signing of pleadings; The signibg of a pleading as required by Texas Rules of Civil Procedure constitutes a certificate by the signatory that to the best knowledge, information, and belief, formed after reasonable inquiry, the pleading is not: (1) groundless and brought in bad faith; (2) groundless and brought for the purpose of harassment; or (3) groundless and interposed for any improper purpose, such as to cause unnecessary delay or needless increase in the cost of litigation. See McIntyre v. Wilson, 50 S.W.3d 674 (Tex. App.- Dallas 2001). The Appellant do not know IF the pleading was ever ruled on, and this violates his Sixth Amendment Right, to have the effective assistance of counsel. See Anders v. Califonia, supre., the first, and most important role is that of an advocate. Anders mades clear that the first duty of appellant counsel is to study the record and to consult with the defender to ascertain whether there is anything in the record to support an appeal.

## Conclusion

The Appellant has demonstrated from the beginning of this "Motion for Rehearing," that he is Not Duly Convicted; that the Records are meritorious with errors; (grounds for relief) that the proceeding constitute manifestedly in a miscarriage of justice.

NOT DULY CONVICTED: In due or proper form or manner; according to legal requirement; according to law in both form and substance.

Due Course of Law:

In all due respect; No citizem of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchied, except by the due course of law of the land. T.C.C.P., art. 1.04. Due Course of Law is synonymous with "Due Process of Law," and to remain inviolated. If any question of fact of liability be conclusively presumed against him, this is not due process of law.

This concept of due process of law as it is embodied in the Fifth Amendment; U.S. Constitution - Amend. 5,, demands that a law shall not be unreasonable, arbitrary, or capricious and that means selected shall have a reasonable and substantial relation to the object being sought; the presumption of innocence under which guilt must be proven by legally obtained evidence and the verdict must be supported by the evidence presented; the right of an accused to be warned of constitutional rights at the earliest stage of the criminal process; protection against self-incrimination, assistance of counsel at every critical stage of the criminal process.

The reason for the Motion for Rehearing; This Court for an extraordinary Review for Redress is stated above, and therefore, this Appellant is being retained in violation of; Art. 1, Sec. 19, Deprivation of Life, Liberty, etc; Due Course of Law. Tex. Const. Art. 1, Sec. 13, and Art. 1, Sec. 19.

---

Motion for Rehearing - Page 10.

## Prayer

wherefore, Premises Considered, Appellant prays this Honorable Court will grant his "Motion for Rehearing," to show why the restraint is illegal; remand back to trial court; and any other relief that this Court deem just.

Done: _June 12th_, 2015.

Respectfully submitted,

_Willie E Hardeman_
Willie Eugene Hardeman
TDCJ-ID No. 1891985
Jester III Unit
3 Jester Road
Richmond, Texas 77406

## Certificate of Service

Appellant, Willie Eugene Hardeman, is unable to obtain copies of motions and other litigations, because he is incarcerated and not allowed access to copy machines nor any other means of making copies. Therefore, I am asking this Honorable Court to rely on Rule 9.3,(2) Tex. R. App. Proc., and respectfully suspend said stated Rule, and have the Clerk to make and forward copies to all parties.

On this date this "Motion for Rehearing" was placed in the Unit Mail Box addressed to: Abel Acosta, Clerk of Court of Criminal Appeals, P.O. Box 12308, Capitol Station, Austin, Texas 78711; On this date of June 12th, 2015.

Respectfully submitted,

_Willie E Hardeman_
Willie Eugene Hardeman,
T.D.C.J.-ID No. 1891985
Jester III Unit
3 Jester Road
Richmond, Texas 77406

---

Motion for Rehearing - Page 11.

## INMATE'S DECLARATION

I, Willie Eugene Hardeman, TDCJ No. 1891985, being presently incarcerated in Jueser III Unit, in Fort Bend County, Texas, make this Declaration pursuant to V.T.C.A. Civil Practice Remedies Code §§ 132.001, 132.003.

Signed on this the 12th, day of June, 2015 A.D.

Willie Eugene Hardeman,
T.D.C.J. No. 1891985
Jester III Unit
3 JESTER Road
Richmond, Texas 77406

MR. WILLIE EUGENE HARDEMAN
T.D.C.J. No. 1891985
Jester III Unit
3 Jester Road
Richmond, Texas 77406

Please mail
pending to
LEGAL

HON. Abel Acosta, Clerk
Court of Criminal Appeals
P.O. Box 12308, Capitol Station
Austin, Texas 78711